## W. F. MITCHELL v. WESTERN UNION TELEGRAPH CO.

### No. 1431.

**1. Negligence—Proximate and Remote Cause.**

It is not always true that a plaintiff who has been guilty of negligence contributory to his own losses, and without which the injury would not have occurred, cannot recover for the part of the injury caused by defendant's negligence. If plaintiffs negligence produced a condition of affairs which left undisturbed, would have resulted in loss, yet afterwards he would have protected his property from the consequences of his own default but for the negligence of defendant, the latter will be responsible for the results of such negligence, it being the proximate and plaintiffs the remote cause of such damages as, but for such negligence, plaintiff would have prevented.

**2. Same—Telegraph Company—Delay.**

Plaintiff, the owner of a cattle ranch, left his son in charge, who, being threatened with a failure of water supply, and having no authority to contract with other ranch owners therefor, telegraphed to his father to come: the message was delayed, through a change in the address caused by negligence in transmission; whereby plaintiff failed to come and make provision for his cattle preventing further damage. Though plaintiff's agent was negligent, in not sooner discovering the condition of the water or sooner taking steps to secure the owner's presence, the delay in transmitting the message, and not such contributory negligence, was the proximate cause of such damage as plaintiff would have averted by his action had the message been promptly delivered.

**3. Contributory Negligence—Charge on Weight of Evidence.**

See charge held erroneous, as being on the weight of evidence, in assuming that failure by plaintiff's agent to sooner discover and take measures to prevent a threatened danger to his property would constitute contributory negligence.

**4. Negligence—Preventing Damage—Charge.**

See charge on negligent delay in delivering telegrams, held erroneous, because plaintiff's claim to recover for losses, caused by his being kept by such delay from preventing further damage to his stock, through failure of water on their range, by driving them to another range, was denied, unless there was such other place with sufficient food and water "in the neighborhood."

Plaintiff was not restricted to the neighborhood in taking such preventive measures.

**5. Telegraph Company—Right to Rely on—Charge.**

See case for circumstances entitling plaintiff to a charge that his agent sending dispatch had a right to rely on the company to transmit the message and deliver it without unreasonable delay, but not to a charge that such act could not be considered the proximate cause of plaintiff's injuries.

**6. Telegraph—Negligence—Charge.**

Where delay in the delivery of message to plaintiff was caused by mistake in his name in its transmission, it was erroneous to charge the jury to find for defendant unless there was negligence on its part in the failure to deliver the message to plaintiff, without adding the qualification "unless you find that the mistake in the transmission of the message" was negligent.

**7. Same.**

An instruction that the telegraph company was entitled to exercise its choice between two routes differing in distance and number of relays should have been so qualified as to hold defendant to ordinary care in its choice of routes.

**8. Evidence—Measure of Damages—Shrinkage of Cattle—Damages.**

The measure of damages for shrinkage of cattle, through being deprived of water and food, is their deterioration in value; and evidence of the time, labor, means, and expense necessary to restore them to their former condition is not admissible.

**9. Verdict—Special Findings—Negligence—Damages.**

See opinion for special findings held to be inconsistent with the general one

that no damages were due to plaintiff, and to warrant conclusion that damages would have been awarded but for the errors found in the court's charge.

**10. Submitting Special Issues.**

See case in which court questions propriety of submitting case on special issues.

**11. Same—Verdict—Procedure.**

All the issues of fact properly litigated under the pleadings must be submitted if a special verdict is required by the charge and a charge in such case omitting a necessary issue is erroneous. All the issues submitted by the court should be answered unless they are entirely eliminated by other answers; and if answers are not responsive, the court should send the jury back for further deliberation.

APPEAL from Hays. Tried below before Hon. H. TEICHMUELLER.

*Browne & Pritchett,* with *L. H. Browne,* for appellant.—1. Seventh Assignment of Error presented as a proposition is as follows: The court erred in giving special charge No. 18 asked by the defendant. It should not have been given, because it was calculated to confuse and mislead the jury, and because it gave undue prominence to a single supposed act. of negligence on the part of plaintiff's agent, the court having already abundantly charged the jury on the subject of contributory negligence: and under this special charge, if the jury found that the situation of the cattle and water supply on the 24th day of March, 1890, resulted from prior negligence of the plaintiff or his agent, despite their care and diligence on and after March 24, 1890, would debar plaintiff from recovering from so much of the injuries as might be due to the negligence of the defendant on and after March 24, 1890. It makes the supposed prior negligence of the plaintiff or his agent, culminating in the situation of the cattle described as existing on March 24, a defence against any subsequent negligence of the defendant affecting that. situation on and after March 24th, notwithstanding the jury might see from the evidence that the plaintiff and his agent were themselves free. from any want of care in the matter on and after March 24th. In this respect it is an erroneous statement of the law, and calculated to mislead and confuse the jury. Said special charge No. 18, was: "If you believe from the evidence that plaintiff's agent negligently allowed the cattle to go into and muddy up Antelope Springs, and that injury occurred to said cattle by reason of said negligence, no recovery can be had by the plaintiff for said injury." Medlin v. Wilkins, 60 Texas, 409, 415; Kimbro v. Hamilton, 28 Texas, 561, 566; Gray v. Burk, 19 Texas, 232, 233; Powell v. Messer, 18 Texas, 405; Duffell v. Noble, 14 Texas, 640, 655; Dawson v. Sparks, 1 Texas U. C., 735, 758.

This special charge, No. 18, concerning, and singling out with undue stress and prominence, an isolated fact, if found in the evidence, was well calculated to impress upon the minds of the jurors, the idea that such fact, if found, whether it occurred on, or before, or after, March 24, 1890, would of itself, in law, be considered fatal to plaintiff's right to recover, and that, too, without further inquiry. From the evidence and charge and special charges shown by the record, there is reason to believe that this special instruction was injurious to plaintiff.

To avoid the force of the general charge in regard to contributory negligence, as well as the misleading force of this special charge, No. 18, plaintiff asked the special instruction, No. 1, referred to in appellant's eighth assignment of error, and which the court gave, but not until it was emasculated by the qualification appended to it by the court.

2. . Eighth Assignment of Error.—The court erred in qualifying as it did, special charge, No. 1, asked by the plaintiff, and in giving it thus qualified; because, the charge as asked by the plaintiff without such qualification correctly stated the law; but the qualification added by the court, and with which it was given, made the supposed prior negligence of plaintiff, if any, a defence against the subsequent negligence of the defendant affecting the situation of the cattle, notwithstanding the plaintiff or his agent may have been wholly free from any negligence whatever, in regard to such situation after that situation was developed, the negligence of the plaintiff, if any, having ceased before that of the defendant began; and the two being neither concurrent nor contemporaneous with each other. It is also on the weight of evidence.

First Proposition.—If, having notice of the perilous situation of the cattle, and that the presence of plaintiff as early as possible was necessary to their relief, defendant accepted the message for transmission and delivery, but failed and neglected to transmit and deliver it within a reasonable length of time, and if, meanwhile, plaintiff and his agent exercised ordinary care in the premises, but by reason of such negligence of defendant the presence of plaintiff, with the relief he could obtain, was delayed, and the sufferings of the cattle thereby injuriously prolonged and aggravated, then, as to any excess of such injury thus caused by defendant's negligence, defendant would be liable. In such case prior negligence of plaintiff, if any, or, prior negligence of his agent, if any, would not be considered the proximate cause of such excess of injury, and therefore, as to such excess, not contributory negligence; and the charge, as asked, should have been given without qualification. Railway v. Cocke, 64 Texas, 151; Railway v. Smith, 52 Texas, 178; Railway v. Weisen, 65 Texas, 443; Railway v. Hauks, 78 Texas, 300 (14 S. W. Rep., 691); Tel. Co. v. Cooper, 71 Texas, 507 (9 S. W. Rep., 598); Tel. Co. v. Cooper, 20 S. W. Rep. (Texas), 47; Tel. Co. v. Boots, 31 S. W. Rep. (Texas), 825; Railway v. Robinson, 4 Texas Civ. App., 125 (23 S. W. Rep., 433); Railway v. Lankford, 29 S. W. Rep. (Texas), 933; Washington v. Railway, 17 W. Va., 190 (10 Am. and Eng. R. R. Cases, 749); McQuilken v. Railway, 64 Cal., 463 (16 Am. and Eng. R. R. Cases, 353); Davies v. Mann, 10 M. and W., 545; Steel v. Burkhart, 104 Mass., 59; Isbell v. Railway, 27 Conn., 404; Needham v. Railway, 37 Cal., 409; Moak's Underhill on Torts, 285 to 288; 4 Am. and Eng. Enc. of Law, 25 to 30 and notes; 16 Am. and Eng. Enc. of Law, 428 to 435.

3. Second Proposition under Eighth Assignment of Error.—The qualification added by the trial judge to special charge No. 1, asked by plaintiff, and with which he gave it, was a charge on the weight of evi-

dence, and took from the jury the question of contributory negligence, in this, viz: (1) It charged in effect that, if the plaintiff's agent "failed to discover" the condition of the water which required the presence of plaintiff, that "would constitute contributory negligence and debar plaintiff's recovery," and (2) it charged in effect that, if the agent, having discovered it, negligently delayed steps to procure the presence of plaintiff, that, also, "would constitute contributory negligence and debar plaintiff's recovery." Clark v. Pearce, 80 Texas, 146; 15 S. W. Rep., 787.

4. Fifth Assignment of Error Presented as a Proposition.—The court erred in giving special charge No. 12, asked by the defendant. The same was calculated to confuse and mislead the jury, because there was no issue in the pleadings as to whether there was any place "IN THE NEIGHBORHOOD" of plaintiff's ranch to which he could have driven his cattle, where there could be found sufficient food and water; and this special instruction is fatally wrong because it makes plaintiff's right to recover for defendant's negligence to turn on his ability to find such place "in the neighborhood" of the ranch, regardless of the undisputed testimony showing his ability to obtain them elsewhere, the undisputed evidence showing that on reaching the ground, he could, and actually did, secure relief elsewhere; and the allegation of plaintiff in his petition being simply that, if the message had been delivered in a reasonable length of time, he could and would have provided water for his cattle; without any allegation of how or where, or within what radius, and without any averment as to neighborhood. Railway v. Terry, 42 Texas, 451; Dodd v. Arnold, 28 Texas, 98; Lee v. Hamilton, 12 Texas, 413; Ponton v. Ballard, 24 Texas, 620; Hall & Jones v. Jackson, 3 Texas, 305; Markham v. Carothers, 47 Texas, 22; Cuney v. Dupree, 21 Texas, 211; Denison v. League, 16 Texas, 400; Mims v. Mitchell, 1 Texas, 444; Railway v. Rider, 62 Texas, 267; Railway v. Wright, 62 Texas, 515.

5. Twelfth Assignment of Error Presented as a Proposition.—"The court erred in refusing to give special charge No. 3, asked by plaintiff to the effect that F. A. Mitchell, the agent of plaintiff, had a right to rely upon the defendant to promptly transmit and deliver the message; and that the conduct of the agent in so doing would not, in law, be considered the proximate cause of the injuries. This charge was pertinent, and should have been given, because it was called for by the pleadings and the evidence in the case, touching contributory negligence on the part of such agent." Clark v. Pearce, 80 Texas, 146, and cases therein cited; Whitaker Smith on Neg., 387, and authorities there cited; Sher. & Red. on Neg., Sec. 28; Strong v. Railway, 8. Am. and Eng. R. R. Cases (Cal.), 273; Fowler v. Railway, 8. Am. and Eng. R. R. Cases (W. Va.), 480.

6. Proposition under Fourth Assignment of Error.—The court erred in giving special charge "No. 6" asked by defendant, because, in law, evidence of such errors in the literal transmission of the message as those alleged and proved by defendant in this case, raised a presumption of

negligence on the part of defendant, and cast upon defendant the burden of overcoming that presumption; but the court in this charge erroneously imposed upon plaintiff the burden of showing that the errors in question were due to defendant's negligence, notwithstanding defendant's pleadings and evidence. Tel. Co. v. Edsall, 63 Texas, 668; Tel. Co. v. Boots, 31 S. W. Rep. (Texas), 825; Tel Co. v. Reeves, 27 S. W. Rep. (Texas), 318; Tel. Co. v. Elliott, 27 S. W. Rep. (Texas), 219; Tel. Co. v. Bertham & Mueller, 1 W. & W. Civil Cases, Sec. 1152; Tel. Co. v. Crall, 17 Pac. Rep. (Kan.), 309; Tel. Co. v. Howell, 17 Pac. Rep. (Kan.), 313; Pearsall v. Tel. Co., 26 N. E. Rep. (N. Y.), 534.

7. Sixth Assignment of Error Presented as a Proposition.—"The court erred in giving charge 'No. 17,' asked by defendant. It should not have been given, because. (1) The pleadings presented no issue at all save as to one line, the line from Marfa to San Marcos. (2) It was on the weight of evidence; it was calculated to mislead the jury; and it took from them the question of defendant's negligence, notwithstanding the evidence to prove it was before them." This charge, "No. 17," was as follows: "You are instructed that the defendant is not required by law to send a message direct from Marfa to San Marcos, but the defendant and its agents and employes have the right to send said message by any route that is open to them at the time considering the condition of the wires and other apparatus of the defendant used for sending messages, and if the company used ordinary care under all the circumstances in sending the said message, then the defendant has a right to select the route. You are further instructed that there is no law by which the defendant can be compelled to keep in repair two lines from one point to another."

8. Thirteenth Assignment of Error, Presented as a Proposition.— "The court erred in requiring the witnesses, W. F. Mitchell and W. B. Mitchell, over the objections of plaintiff, to answer questions put to them regarding the time, labor, means and expenses necessary to restore the cattle to their former condition, as set out in plaintiff's bill of exceptions No. 1; because the answers were immaterial, afforded no scale for measuring the damages, and were calculated to mislead. Railway v. Hume, 6 Texas Civ. App., 653, 24 S. W. Rep. (Texas), 915, affirmed on this point by the Supreme Court, 87 Texas, 211, in Railway v. Hume, 27 S. W. Rep., 110, and followed in the case of Railway v. Stanley, 29 S. W. Rep. (Texas), 806.

9. Appellant's First Assignment of Error, Presented as a Proposition.—The court erred in refusing to give special charge No. 2, asked by plaintiff, because, the undisputed evidence showed that the defendant charged, and that plaintiff paid to defendant, fifty cents for the transmission of the message; and, if defendant failed to deliver it within a reasonable length of time, plaintiff would be entitled to recover the fifty cents, whether such failure was due to defendant's negligence or not; defendant's liability therefore not being covered by any of the stipula-

tions mentioned in the contract specially pleaded in the defendant's answer, and relied upon as a defense.

Said special charge No. 2, asked by plaintiff, and refused, was as follows, viz:

"If you believe from the evidence in this case that the defendant failed to deliver said message within a reasonable time, then whether under the instructions already given in this case you find the plaintiff entitled to recover for any damages to said cattle or not, you are instructed that in any event plaintiff is entitled to a verdict for the money paid for transmitting said message." Daniel v. Tel. Co., 61 Texas, 452; Tel. Co. v. Grimes, 82 Texas, 89 (17 S. W. Rep., 831); Candee v. Tel. Co., 34 Wis., 471 (17 Am. Rep., 452); Hadley v. Baxendale, 9 Exch., 341.

10. Fifteenth Assignment of Error, Presented as a Proposition.—The court further erred in this, viz: that, while, upon its own motion, it submitted special issues to the jury, it was the duty of the court to embrace therein every material fact put in issue by the pleadings and evidence, among which it should have included the issue as to notice to defendant of the importance of the message. But this issue the court failed to submit to the jury. Rev. Stat., Art. 1333; Newbolt v. Lancaster, 83 Texas, 272; Cole v. Crawford, 69 Texas, 126; Frost v. Frost, 45 Texas, 324 (5 S. W. Rep., 646); Paschal v. Acklin, 27 Texas, 173; Pratt v. Peck, 65 Wis., 463 (27 N. W. R., 180); Lane v. Lenfest, 42 N. W. Rep. (Minn.), 84; Sherman v. Lumber Co., 45 N. W. Rep. (Wis.), 1079; Crich v. Ins. Co., 48 N. W. Rep. (Mich.), 198; 28 Am. and Eng. Enc. Law, 383, 384.

11. Proposition under Appellant's Tenth Assignment of Error.—The court erred upon the trial of this case, in that it authorized, and even directed, the jury to return both a general verdict, and, at the same time, also to return therewith a special verdict upon the special issues submitted; because, under our statute, the verdict is either general or special, but not both, and directing the return of both is unauthorized; and the course pursued by the court in this respect was calculated to mislead and confuse the jury. Rev. Stat., Arts. 1328 to 1331; Cole v. Estell, 6 S. W. Rep. (Texas), 175; Dwyer v. Kaltyre, 68 Texas, 554 (5 S. W. Rep., 75); Railway v. Balch, 105 Ind., 93 (4 N. E. Rep., 288); Railway v. Frawley, 110 Ind., 18 (9 N. E. Rep., 600); 2 Thomp. on Trials, 2006; 2 Tidd's Prac., 896.

12. First Proposition under Eleventh Assignment of Error.—The court erred in overruling plaintiff's motion for a new trial, and should have sustained it because the answer of the jury to question 16, propounded by the court in submitting special issues, was not responsive to the question. ("Question 16" was thus: "What amount of actual damages do you find from the evidence was inflicted upon the plaintiff's stock by the defendant's negligence?" The jury answer thus: "We find no actual damages due plaintiff, but claim for plaintiff the amount of the undelivered message, fifty cents ($ .50c.)

13. Second Proposition under Eleventh Assignment of Error.—The

court erred in overruling plaintiff's motion for a new trial, and should have sustained it, because the answer of the jury to Question 16 propounded by the court in submitting special issues, was not a statement of any fact or facts in issue, but it was merely a conclusion of law, arising upon the whole case, and therefore not a special verdict. Sayles, Texas Civ. Stat., Arts. 1331, 1333; Railway v. Balch, 105 Ind., 93 (4 N. E. Rep., 288); Railway v. Spencer, 21 Am. & Eng. Ry. Cases (Ind.), 478; Welsh v. Railway, 57 N. Y. Sup. Ct., 408 (8 N. Y. Supplement, 492, Am. Dig., 1890, p. 3694); 28 Am. and Eng. Enc. of Law, 381.

14.   Third Proposition under Eleventh Assignment of Error.—The court erred in overruling plaintiff's motion for a new trial, and should have sustained the same, because questions 17, 18 and 19 propounded to the jury on special issues, were not answered by the jury in any manner whatever. (Questions 17, 18 and 19, are found on page 21 of the transcript, and were as follows: "Question 17. How many head of plaintiff's cattle, if any, died, so far as the evidence shows, in consequence of the non delivery of the message?"

"Question 18. What do you find to be the value of the cattle that died by reason of the non delivery of said message?"

"Question 19. How many cattle of the several classes of cattle, if any, though surviving, depreciated in value in consequence of the non-delivery of said message, and how much, if any, did they thus depreciate in value?" The jury returned no answer at all to Questions 17, 18 and 19. Sayles, Texas Civ. Stat., Art. 1333; Frost v. Frost, 45 Texas, 324; Paschal v. Acklin, 27 Texas, 173; Moore v. Moore, 67 Texas, 293 (3 S. W. Rep., 284); Paschal v. Cushman, 26 Texas, 74; Patterson v. U. S., 2 Wheat., 221; Ward v. Cochran, 150 U. S., 597; Pratt v. Peck, 27 N. W. Rep. (Wis.), 180; Sherman v. Lumber Co., 45 N. W. Rep. (Wis.), 1079; Crich v. Ins. Co., 48 N. W. Rep., 198; 28 Am. and Eng. Enc. of Law, 380.

15.   Fourth Proposition under Eleventh Assignment of Error.—The court erred in overruling plaintiff's motion for a new trial, and should have sustained it, because, if the answer of the jury to Question 16 put to them by the court in submitting special issues be regarded as a general verdict, then, it was contrary to the law and the evidence in the particulars pointed out in the 4th paragraph of appellant's 11th assignment of error.

16.   A Fundamental Error.—The issue as to plaintiff's right in regard to recovering the money paid for transmission of the message was not submitted to the jury at all, neither in the general, nor in any special charge, but the court expressly refused to give an instruction about it. In their answer to Question 16 they "claim it for the plaintiff," and the court entered a judgment on that "claim" as a verdict. That issue not being submitted to them, could their expression, claiming it for the plaintiff, be legally received and treated as a verdict? Was not the entering of judgment upon it a fundamental error?

*John A. Green, Sr., Hutchison & Franklin, John A. Green, Jr. and Walton & Hill*, for appellee.—Counter-Proposition One under Seventh Assignment of Error.—The court did not err in giving special charge No. 18 asked by the defendant. The charge merely tells the jury that if they believe from the evidence that plaintiff's agent negligently allowed cattle to go into and muddy up Antelope Springs, and that injury occurred to said cattle by reason of said negligence, no recovery can be had by the plaintiff for said injury. The charge was asked in order that the jury might understand that they should not give a verdict for damages caused by plaintiff's own negligence, but that they should confine themselves to damages that were proximately caused by defendant's negligence. There was abundant evidence to show that the plaintiff's agent did negligently allow his water to become befouled and that other cattle had drunk it up and muddied the springs. In a word the charge says: "The plaintiff cannot recover damages for injury done to his cattle by his own negligence." We take it that this is still the law. Railway v. W. J. Coon, 69 Texas, 730; Hughes v. Railway, 67 Texas, 595; Railway v. Smith, 52 Texas, 178.

2. Counter-Proposition Two under Seventh Assignment of Error.— If there was error committed in giving special charge No. 18 it was harmless because the 12th and 13th special answers give a favorable reply to the plaintiff on the matter contained in the 18th special charge, and, therefore, the plaintiff could not have been injured by the charge. "Question 12.—Was the ranch as situated, and by reason of its only partial inclosure, exposed to the intrusion of herds of cattle belonging to other parties? Question 13. If yes, did such other herds in fact intrude, or were they suffered to enter upon the ranch, and did they destroy or corrupt the water and make it unfit for use by plaintiff's cattle? The 12th and 13th answers are as follows: Answer No. 12: Yes. Answer No. 13: No," which means that the ranch was open to the intrusion of herds but none did, in fact, intrude and despoil or corrupt the water or make it unfit for use. Blum v. Light, 81 Texas, 422; Willis & Bro. v. Whitsit, 67 Texas, 673; Smyth v. Caswell, 67 Texas, 568; Houston Co. v. Dwyer, 59 Texas, 113; Loper v. Robinson, 54 Texas, 510; Carter v. Eames, 44 Texas, 544; McClane v. Rogers, 42 Texas, 214; Allbright v. Corley, 40 Texas, 106; Armstrong v. Lipscomb, 11 Texas, 650.

3. Counter-Proposition One under Eighth Assignment of Error.— The court did not err in qualifying special charge No. 1, asked by plaintiff. Because if the negligence of plaintiff's agent either in failing to discover the condition of the water or in delaying steps to secure the presence of his principal was a proximate cause of the injury to the cattle and the defendant in no way could have escaped the consequences of the plaintiff's said negligence, and but for the plaintiff's said negligence operating as an efficient cause of his injury in connection with the alleged fault of the defendant, the injury would not have happened, and the plaintiff thus contributed to his own injuries in whole or in part,

then he cannot recover for such injuries. McDonald v. Railway, 86 Texas, 1; Railway v. McClain, 80 Texas, 95; Railway v. Ryon, 80 Texas, 59; Murray v. Railway, 73 Texas, 7; Railway v. Ryon, 70 Texas, 56; Railway v. Ormond, 64 Texas, 489; Railway v. Brown, 2 Texas Civ. App., 281; Beach on Contributory Negligence, Sec. 10, pp. 25, 27, 36, 37; Sec. 18, pp. 58-61.

4. Counter-Proposition Two under Eighth Assignment of Error.— If there was any error in the charge of the court, it has been rendered harmless by the jury finding specially that the agent of the plaintiff was not negligent in failing to discover the insufficiency of water or in failing to notify his principal of such insufficiency. The court will never reverse for an error that did no harm. Shumard v. Johnson, 66 Texas, 70; Hubby v. Stokes, 22 Texas, 217, and authorities cited under 2nd proposition under 7th assignment of error.

5. Counter-Proposition Three under Eighth Assignment of Error.— The fourth paragraph of the charge not having been assigned as error in the motion for new trial nor in the assignment of errors, and the 5th paragraph, though assigned as error in the 9th assignment of error, yet not briefed by appellant, will not be considered on appeal. City of Ysleta v. Babbitt, 28 S. W. Rep., 704; Railway v. Douglas, 27 S. W. Rep., 794; White v. Wadlington, 78 Texas, 159; Rule 29 Court of Civil Appeals; 3 Buckler's Digest, 446, and authorities there cited.

6. Counter-Proposition Four under Eighth Assignment of Error.— The qualification of the charge is not on the weight of evidence; the whole charge must be taken together, and as this qualification is referred for construction to "the general charge," which is neither on the weight of evidence nor complained of as such, there is no error. Railway v. McClain, 80 Texas, 98; Railway v. Smith, 65 Texas, 170; Baker v. Ashe, 80 Texas, 356.

7. Counter-Proposition Five under Eighth Assignment of Error.— The point that the qualification of plaintiff's special charge No. 1 is upon the weight of evidence, was not made in the motion for new trial, and hence cannot be taken advantage of by assignments of error on appeal. Railway v. Worley, 25 S. W. Rep., 478; Hammond v. Garcia, 25 S. W. Rep., 824; Railway v. Worley, 25 S. W. Rep., 479; Bonnell v. Prince, 32 S. W. Rep., 857.

8. Counter-Proposition Six under Eighth Assignment of Error.— The jury having found in favor of plaintiff on the issue presented by the qualification it cannot be complained of as on the weight of evidence. Mercer v. Hall, 2 Texas, 287; Kaise v. Lawson, 38 Texas, 161.

9. Counter-Proposition One under Fifth Assignment of Error.— The court did not err in giving special charge No. 12, asked by the defendant, because, if the losses were unavoidable, then plaintiff cannot recover, it makes no difference in what way unavoidable, whether from inability to procure water and grass in the neighborhood or not, and the word neighborhood must be understood in the light of the testimony with reference to Presidio and surrounding counties. No sensible,

reasonable man could possibly have been misled by this special charge. Davis v. Loftin, 6 Texas, 500; Norvell v. Oury, 13 Texas, 32; Smyth v. Caswell, 67 Texas, 578.

10. Counter-Proposition One under Twelfth Assignment of Error.— The court did not err in refusing the plaintiff's special charge No. 3, because it was upon the weight of evidence. It was a question for the jury to pass upon as to whether the general agent in charge of the ranch ought or ought not to begin to move the cattle at once. It is never proper to charge that a fact is or is not negligent. Railway v. Kuehn, 70 Texas, 587; Railroad v. Eckford, 71 Texas, 279; City of Galveston v. Posnainsky, 62 Texas, 123.

11. Counter-Proposition Two under Twelfth Assignment of Error.— The refusal to give this special charge is not assigned as error in the motion for new trial and will therefore not be considered by the court on appeal. White v. Wadlington, 78 Texas, 160; Degener v. O'Leary, 19 S. W. Rep., 1004; Rules 66, 67, 68 and 69, Governing District Courts. And authorities heretofore cited under similar propositions.

12. Counter-Proposition One under Fourth Assignment of Error.— The court did not err in charging the jury that the burden of proof was upon the plaintiff to show that the defendant was negligent in making the error in the message transmitted, especially as this was an unrepeated message. The burden of proof is always upon the party alleging negligence and there remains, though the weight of evidence may shift. This is especially true when the message is unrepeated. Clark v. Hills et al., 67 Texas, 148; Odom v. Woodward, 74 Texas, 46; Railway v. Overall, 82 Texas, 249. As to unrepeated messages: Tel. Co. v. Neill, 57 Texas, 283; Womack v. Tel. Co., 58 Texas, 176; Tel. Co. v. Edsall, 63 Texas, 668; Railway v. Wilson, 69 Texas, 739; Tel. Co. v. Hearne, 77 Texas, 84.

13. Counter-Proposition Two under Fourth Assignment of Error.— If there were error in the special charge No. 6 it is harmless, for the jury in their sixth finding of fact find that the error in the transmission of the message occurred by reason of the "negligence of receiver at El Paso," and hence the jury could not and did not render their general verdict for the defendant under the influence of the defendant's sixth special charge. Same authorities as under previous propositions.

14. Counter-Proposition One under Sixth Assignment of Error.— If the company used ordinary care in sending the message then the plaintiff ought not to recover by reason of this branch of the facts in the case. The defendant is not a common carrier, is not an insurer and can be compelled only to use ordinary care in selecting the route to send the message. Authorities showing that defendant is not a common carrier: Tel. Co. v. Neill, 57 Texas, 283; Tel. Co. v. Edsall, 63 Texas, 674; Tel. Co. v. Rosentreter, 80 Texas, 416.

15. Counter-Proposition One under Second Assignment of Error.— The court did not err in giving special charge No. 4, because it was authorized under the general denial of negligence. A defendant is not re-

quired to plead his facts showing that he was not negligent. Railway v. Henry & Dilley, 65 Texas, 688; Winn v. Gilmer, 81 Texas, 347.

16. Counter-Proposition Two under Second Assignment of Error.— There was evidence authorizing the charge.

17. Counter-Proposition One under Fourteenth Assignment of Error.—The appellee objects to the consideration of this bill of exceptions, because it does not appear on its face to have been filed during term time.

18. Counter-Proposition Two under Fourteenth Assignment of Error.—The court properly excluded the opinion, speculation and conclusion of the witness Mrs. Jennie Mitchell, wife of plaintiff, that she would have sent the message immediately to her husband at Pearsall if it had been delivered to the house. It was proper to tell all facts existing at the time and allow the jury to decide what she would have done.

19. Counter-Proposition One under Thirteenth Assignment of Error.— Appellee objects to the consideration of this bill of exceptions because it does not appear on the face thereof that the same was filed before the adjournment of court for the term.

20. Counter-Proposition Two under Thirteenth Assignment of Error.—The court did not err in admitting the testimony of W. F. Mitchell and W. B. Mitchell, that grazing on good grass with such water as was on plaintiff's ranch afforded, would restore the cattle to their former condition in three or four months' time, because this was a fact proper to go to the jury to show how much damage the plaintiff had actually suffered. This evidence was not offered as the measure of plaintiff's damage but merely as an aid to the jury in order to assist them in arriving at the true amount of damages—the actual injury. The court gave the legal measure of damages in his charge, which is not complained of. Railway v. Evans, 78 Texas, 369.

21. Counter-Proposition Two under Thirteenth Assignment of Error.—Even if there should be error in admitting the evidence, which we deny, it was harmless, for the jury gave no damages at all, and the evidence could not have deprived plaintiff of all damages if he was entitled to any whatever, under the other facts in evidence.

22. Counter-Proposition One under First Assignment or Error.— The court did not err in refusing plaintiff's special charge No. 2, because the facts show that Mitchell was not in San Marcos when the message came, that it could not be delivered to him, that a better address was asked and the company was told to deliver the message to Johnson & Johnson, which was done. This was done by the direction of the plaintiff's son and agent. The defendant had performed the services and was entitled to pay, and afterwards the plaintiff voluntarily with a knowledge of the facts paid Humphries & Co. for the message, they having paid it to the defendant, and charged it to plaintiff. As to delivery to Johnson & Johnson: Tel. Co. v. A. Young, 77 Texas, 245. As to recovery back of voluntary payment: Galveston Co. v. Gorham,

49 Texas, 302; Galveston City Co. v. Galveston, 56 Texas, 494; Wunsch v. Boldt, 4 Willson's C., Sec. 50.

23. Counter-Proposition Two under First Assignment of Error.—The jury gave the plaintiff in their verdict the fifty cents, the price of the undelivered telegram, and if there be error in refusing the charge, it is harmless, for the plaintiff suffered no injury thereby.

24. Counter-Proposition One under Fifteenth Assignment of Error.—This assignment of error should not be considered, because the appellant nowhere complains in his motion for new trial of the failure of the court to charge upon the question as to whether or not the defendant had notice of the importance of the message at the time it was sent. This question is raised for the first time in the Appellate Court and will not be considered. Cason v. Connor, 83 Texas, 28.

25. Counter-Proposition Two under Fifteenth Assignment of Error.—The appellant did not ask a charge on the effect upon the plaintiff's right of recovery of notice of the importance of the message at the time it was sent. If the charge is not full enough a party should always ask a special charge on the subject. DeCaussey & Anderson v. Bailey & Pond, 57 Texas, 665.

26. Counter-Proposition Three under Fifteenth Assignment of Error.—The court unqualifiedly charged that the plaintiff would be entitled to recover whatever damages he was occasioned through the defendant's negligence to which plaintiff himself did not contribute, and the failure to charge on the question of notice, if error, was an error in favor of plaintiff of which he cannot complain.

27. Counter-Proposition One under Tenth Assignment of Error.—There can be no possible objection to special findings and a general finding in the same verdict rendered by the jury, particularly if the general verdict is not inconsistent with the special findings. All that the court is required to do is to charge upon the issues in the case, taking care not to charge upon the weight of the evidence and to leave the credibility of the witnesses to be determined by the jury. If the law of the case has been thus presented and the jury have arrived at a conclusion consistent with the charge, then they have rendered a true verdict according to the law and the evidence. No litigant is entitled to more than this. The court did not err in directing a general verdict at the same time with a verdict upon special issues. The special findings are not inconsistent with the general finding under the court's charge and defendant's special charges. Heflin v. Burns, 70 Texas, 354-355; Blum v. Rogers, 71 Texas, 676; Howard & Co. v. Parks, 1 Texas Civ. App., 609; Studebaker Wagon Mfg. Co. v. Santo Tomas Coal Co., 27 S. W. Rep., 788.

28. Counter-Proposition One under Eleventh Assignment of Error.—The answer to question sixteenth was responsive to the question, and the court did not err in refusing a new trial. The question is as follows: "Question 16. What amount of actual damages do you find from the evidence was inflicted upon the plaintiff's stock by the defendant's neg-

ligence? Answering this question you will state the sum of money you find from the evidence the plaintiff has actually suffered.

In this connection you are instructed that the measure of damages would not be all the losses and injuries plaintiff may have sustained, but only such, if any, as you find resulted from the non-delivery of the message to him. It is the value of the animals that died, and the dereciation of the value of those that survived, and that would not have died and would not have depreciated in value if the plaintiff had received the message within a reasonable time of its sending." (Trans., pp. 20-21.)

The answer is this: "Answer No. 16. . We find no actual damages due plaintiff, but claim for plaintiff the amount of the undelivered message, fifty cents (50c.)" Railway v. White, 76 Texas, 102.

29. Counter-Proposition Two under Eleventh Assignment of Error. —The court did not err in refusing a new trial, because questions 17, 18 and 19 were not answered by the jury. There was no necessity of answering these questions after the jury had given the answer to question No. 16 of "no damages." The neglect of the jury to answer special issues submitted to them, which are not necessary to the support of the judgment, is not cause for reversal. Sears v. Sears, 45 Texas, 557; Studebaker Bros., etc. v. Santo Tomas Coal Co., 27 S. W. Rep., 788.

30. Counter-Proposition Four under Eleventh Assignment of Error.—The court did not err in overruling plaintiff's motion for new trial, because the answers to questions 14 and 15 mean nothing more than that the plaintiff himself, in person, could have employed means and expedients which he might have used to guard against the losses and injuries complained of, which means could not have been employed by his son F. A. Mitchell, because he did not have the authority to arrange for them. These means were the same that he did employ. There is nothing either in questions Nos. 14 or 15 or in the answers thereto indicating that the special arrangements that could have been made by plaintiff, in person, would have benefited him or would successfully have guarded against the injuries complained of. On the contrary, the jury declare that they could not have been successfully employed, for they award the plaintiff "no actual damages."

31. Counter-Proposition Five under Eleventh Assignment of Error. —A special finding of the jury is not inconsistent with the general verdict if, by any hypothesis, it can be reconciled with the general verdict. Railway v. Stout, 53 Ind., 143; 2 Thompson on Trials, sec. 2691.

32. Counter-Proposition Six under Eleventh Assignment of Error. —The court will not strain the language of the special findings to override the general verdict. If possible, they will be interpreted so as to support the verdict rather than overturn it. No presumption will be made in their favor; nor will they control the general verdict, unless they are invincibly antagonistic to it. 2 Thompson on Trials, sec. 2693; Alhambra Addition Water Co. v. Richardson, 14 Pac. Rep., 379; Railway v. Jones, 8 Pac. Rep., 731; Railway v. Clifford, 15 N. E. Rep., 524.

33. Proposition One under Appellant's "Fundamental Error."—
Though there may have been no charge submitting the right of appellant to recover the fifty cents, price of the message, yet it is a finding
in appellant's favor and he has no right to complain of same. If it is
error at all, it is only abstract error and will not cause reversal. Darragh v. Kaufman, 2 Posey U. C., 97; Magel v. Hitchcock, 2 Posey U.
C., 587.

COLLARD, ASSOCIATE JUSTICE.—This case was before this court on
a former appeal from the judgment of the lower court sustaining general
demurrer and special exceptions to plaintiff's petition. We refer to the
case as reported in 5 Texas Civil Appeals Reports, 527, and in 24 S.
W. Rep., 550, which will show the nature of the suit, as set forth in the
petition.

On the last trial the court below submitted the case to the jury on
special issues, which having been answered, in part, adversely to plaintiff, judgment was rendered for the defendant, from which judgment
the plaintiff has appealed.

Plaintiff left his son, F. A. Mitchell, in charge of his ranch and cattle
in Presidio and Brewster counties, a dry country at some seasons of
the year, the son having no authority, according to plaintiff's contention, to negotiate and purchase water privileges for the stock from
other parties owning and controlling water and grass, in case the water
should fail on his own ranch and become insufficient for his stock. A
further contention of plaintiff, as shown by his petition and testimony in
his behalf, was that in case of such failure of water on his ranch, he
could have procured from other parties water privileges for his cattle
and would have done so if advised by his son of such failure of water.
Plaintiff resided at San Marcos, and his son was with the cattle on
the ranch near Marfa, Texas. The water becoming insufficient for his
large number of cattle on the ranch, and there being danger of the
supply failing, on the 24th day of March the son sent from Marfa to
San Marcos to his father over defendant's telegraph line the following
message: "Water is getting low; come out." The failure to deliver
this message and the resulting injury to the cattle by want of provision
of water for the cattle is the subject matter of the suit, plaintiff showing that if the message had been delivered in a reasonable time he
could and would have gone from San Marcos to the ranch, and could
and would have procured sufficient water to relieve the cattle and prevent the injury which his son could not have done, not having authority
to do so. There was an error in the transmission of the message occurring at El Paso, a relay office of defendant; W. F. Mitchell, the addressee, being changed "E. W. Fitchell." In answering the questions
propounded to them by the court, the jury found that the delay and
non-delivery of the message was due to this error, and that the error
was not caused by high winds, storms or like disturbances; that the

cause of the error resulted from the want of due care on the part of defendant's servants by negligence at El Paso.

Plaintiff not being notified of the failing of the water did not reach the ranch until several days later than he would if the message had been promptly sent and delivered, and in the meantime loss occurred by injury to the cattle for want of water, the jury finding that "losses were caused by the failure of water at the time in question."

Opinion.—There is testimony tending to show that the agent was not authorized or provided by his principal with means to obtain water in case the supply on the ranch became insufficient for the cattle, and that the failure of the water was not observed by the agent until it had become scarce and insufficient, and that the cattle would necessarily have been injured to some extent, and that some of the losses would have occurred even if the dispatch had been properly transmitted and delivered in reasonable time, and even if the plaintiff had arrived on the ground in due time, as intended by the dispatch. In other words, it might be inferred from the testimony that plaintiff and his son as agent had been less careful than they ought to have been in providing for the cattle, and that by this want of care the cattle were in bad condition, or at least threatened with injury and serious loss, that did in fact result, and would have resulted if plaintiff had reached his ranch as intended by the dispatch. It is also true that this want of care on the part of plaintiff and his agent, if not remedied as was expected by the dispatch, would have resulted in all the injury and loss to the cattle that did result, including that for which suit is brought. But it was also shown that if plaintiff had arrived in due time as summoned by the dispatch, he would and could have saved much of the resulting loss. Upon this phase of the case the court below concluded that such want of care on the part of plaintiff and his agent would defeat his action (at least some of the court's charges will bear this construction) notwithstanding plaintiff may have been able to have relieved the cattle if he had arrived as intended by the dispatch, and notwithstanding his failure to arrive in time to relieve them and save much of the loss was due to the negligence of defendant in transmitting and delivering the dispatch with ordinary care.

For instance, the court instructed the jury at the request of defendant that, "If you believe from the evidence that plaintiff's agent negligently allowed the cattle to go into and muddy up Antelope Springs and that the injury occurred to said cattle by reason of said negligence, no recovery can be had by plaintiff for said injury." Appellant assigns this charge as error.

The court also qualified a charge asked by plaintiff in such a manner as to indicate to the jury that plaintiff could not recover if his agent's negligence prior to the dispatch contributed to or caused the injury, even though at least some of the injury would have been avoided if defendant had performed its duty in regard to the dispatch.

The charge asked by plaintiff was as follows: "If you should find

from the evidence in this case that either the plaintiff or his agent, F. A. Mitchell, or both, at and prior to March 24, 1890, had failed to exercise ordinary care in respect to the supply of water on plaintiff's ranch, and that on the 24th day of March, 1890, such supply of water had become and was insufficient in quantity for sustenance of the cattle on said ranch, and that said cattle were then in peril from such insufficiency of water, and that when defendant received such message for transmission and delivery it was informed of such perilous situation of said cattle, and that defendant did not exercise ordinary care in regard to the transmission and delivery of the message, and that by the exercise of ordinary care the defendant could have transmitted and delivered said message in time to have prevented, either in whole or in part, subsequent injuries to said cattle, if any, caused by such insufficiency of water, but that it failed to do so; and that, meanwhile, on and after March 24, 1890, plaintiff and his said agent did exercise ordinary care in their efforts to relieve the cattle from such peril, but failed thereby to prevent subsequent injuries to the cattle, so that the cattle were in fact subsequently injured as alleged in plaintiff's petition, for want of water, and that such injuries were increased and prolonged by such negligence of defendant in regard to such message, then you are further instructed that, in law, such negligence on the part of defendant would be considered the proximate cause of so much of said injuries as were caused by the sufferings of the cattle being thus prolonged and increased; and that such prior negligence of plaintiff or his agent would, in law, be considered the remote cause."

To this charge of plaintiff the court made the following qualification and gave it to the jury as qualified, which qualification is assigned as error by the appellant: "The foregoing charge is given with the following qualification: 'That if you find the plaintiff's agent either failed to discover the condition of the water, which in his judgment required the presence of his principal, or negligently delayed steps to secure his presence, it would, as you are instructed in the general charge, constitute contributory negligence and debar plaintiff's recovery.'"

In the general charge upon the issue of contributory negligence the court charged: "Even if want of due care by the servants of defendant company is shown, still the plaintiff cannot recover unless it appears from the evidence that the losses and injuries for which plaintiff sues to recover compensation are traceable to and have resulted from such want of due care or negligence of defendant. Or if you find they were partly due to such negligence, if you find that defendant has shown that plaintiff was guilty of contributory negligence, and that the injuries complained of are partly attributable to his own negligence, he is not entitled to recover."

As to agency, the court instructed the jury that, "if plaintiff, residing in San Marcos, placed his son as his general agent in charge of his stock of cattle in Presidio County, in the absence of any express limitation or restrictions of his authority, such agent was empowered, and it was his

duty, to do what was necessary to protect and promote the business entrusted to him, to provide food and water for the cattle and to protect them by all reasonable and practicable means against all perils and injuries. A failure on the part of said general agent to exercise such powers and to discharge such duties would be the failure of the principal, and any injury resulting therefrom would be due to his own negligence, and if it co-operates with or contributes to cause injury partly attributable to negligence of some one else, it is contributory negligence which debars the right to recover damages for such injuries or losses suffered." The court told the jury that "if the injuries were occasioned by unusual causes which could not have been reasonably anticipated and guarded against, and which required special provisions and expedients the agent could not obtain, but which the principal alone could provide, the failure of the agent to do so would not be contributory negligence of the principal."

The court's charge and its qualification to the charge asked by defendant were calculated to and did doubtless impress the jury that plaintiff could not recover if his own negligence, or that of his agent prior to the negligence of defendant, contributed to the injuries complained of. There are some other passages in the charge that would impress the jury differently, as this: "If you find in answer to these questions that plaintiff's injuries and losses complained of, or any portion thereof, were caused by the negligence of the defendant, you may return a verdict for plaintiff, and will state the amount of actual damages you assess in the form and manner indicated." But this view of the case is immediately contradicted by the following: "If their (defendants') negligence caused such injury or part of it, that the plaintiff himself, or his agent, were negligent and thereby contributed to bring on the losses and injuries, then you will return a verdict for defendant."

It is not true in every aspect of the case that if plaintiff or his agent were guilty of negligence contributory to the losses, he could not recover. He and his agent may have been guilty of negligence without which the injury would not have occurred, and yet in a certain case he could recover for that part of the injury caused by the negligence of defendant. If plaintiff's negligence or that of his agent produced a condition of affairs that left undisturbed would have resulted in the loss, yet he had the right to protect his property from the consequences of his own neglect, and if he could have done so, and would have done so but for the negligence of defendant, or its servants, defendant would be responsible for such consequences of its own negligence. That is, defendant would be liable to the extent that its negligence interfered with plaintiff's ability to prevent the loss, if he would have used the means in his power to prevent the loss. Such loss as would have resulted from his negligence inevitably, even if the dispatch had been properly and promptly delivered, could not be imputed to defendant's want of care, and it would not be liable for that loss. But it would be

liable for the losses occasioned by its own negligence to the extent that such negligence prevented plaintiff from saving losses.

A person may by his own negligence start to fall from a great height and be able to recover by grasping a rope in his reach, yet if another should by subsequent negligence move the rope out of his reach, or so obstruct his purpose that he could not save himself, it could not be said that such person would not be liable for the fall and injury upon the ground that the original negligence of the person falling contributed to the result. If a man negligently break his own leg, and his employed and attending physician could by proper treatment save it, but through malpractice or negligence causes its loss, it would not be said that the physician would not be liable for his own negligence, even though the original negligence of the patient contributed to the loss. In such cases the prior negligence would be the remote cause, and the intervening negligence the proximate cause.

A man may redeem his errors and mistakes, at least it is his right to do so, and one who is negligently the cause of his failure to do so becomes responsible to the extent that the consequences of the original error would have been averted but for the improper interference. It is well known that even when one is injured by the negligence of another, it is the duty of the person injured to prevent the injurious consequences as far as he can by the use of ordinary care, and if he fail to use such care to save loss, to that extent the law will excuse the wrongdoer and hold him not liable. Railway v. Cocke, 64 Texas, 151; Railway v. Weisen, 65 Texas, 443; Railway v. Hauks, 78 Texas, 300; Railway v. McClain, 80 Texas, 86; Hays v. Railway, 70 Texas, 603; Railway v. Coon, 69 Texas, 730; 2 Thomp. on Neg., 1157, sec. 8.

This case, in the phase of it now under consideration, does not present a question of comparative negligence, nor is it subject to the rule as declared in this State as to contributory negligence and proximate cause, that negligence would be contributory and proximate cause if without it the injury would not have occurred. Railway v. Orman, 64 Texas, 489; Murray v. Railway, 73 Texas, 7.

There is a sharp distinction in those cited cases and this. The negligence in this case, the basis of the action, is the negligent omission of a duty which resulted in the failure of plaintiff to save his cattle from the consequences of his own prior negligence. If the negligence of defendant or its servants defeated that object, and it would have been accomplished but for the negligence of defendant, it would be liable for the injury so caused or resulting and no more. If plaintiff could not or would not have saved any of the loss occurring from his prior failure to provide for his cattle, then defendant would not be liable, even if its servants were negligent as alleged; but to the extent that he would and could have saved loss, and to the extent that defendant's negligence was the cause of his not doing so, defendant would be responsible; but no more.

The court should have given some such charge as that requested by

plaintiff, without the qualification added by the court. The principle herein approved should have been observed by the court in its charge. The qualification by the court of the requested charge was also erroneous, because it was upon the weight of evidence in telling the jury that the failure of the agent in discovering the condition of the water which in his judgment required the presence of his principal, would constitute contributory negligence and debar a recovery by plaintiff.

2. We think there was error in giving the charge asked by defendant to the effect that if there was no place "in the neighborhood" of the plaintiff's ranch to which he could have driven his cattle at which there could be found sufficient food and water for their sustenance to avoid the loss, then to find for defendant. The charge should not have restricted plaintiff's ability to relieve his cattle to the neighborhood of his ranch. The question was, would he be and was he able to procure water for them, to prevent the loss that would otherwise have occurred, considering the failure of water on his own ranch? The charge, to say the least, was misleading. To obtain the relief that was procured, plaintiff had to drive his cattle to a distance that the jury might reasonably have concluded was not in the neighborhood. Such error in the charge was reversible. Lee v. Hamilton, 12 Texas, 414; Ponton v. Ballard, 24 Texas, 620.

3. The plaintiff's agent had the right to rely upon defendant's transmitting the message sent, and that it would be delivered without unreasonable delay, and the court should have given plaintiff's requested charge to that effect, but not the latter part of the charge as to proximate cause. Railway v. Gray, 65 Texas, 32; Railway v. Shieder, 26 S. W. Rep., 509; same case, 30 S. W. Rep., 902. Plaintiff's agent having no notice that defendant neglected its duty in delivering the message, was not bound to anticipate that it would do so in this instance and provide against such negligence.

4. Special charge No. 6, given at request of defendant, was not correct. It reads: "If you believe from the evidence that there was a mistake in the transmission of the message in this case, and that such mistake was the proximate cause of the failure to find plaintiff in San Marcos and deliver it to him, then you will find a verdict for the defendant, unless you find from the evidence that said failure to find the plaintiff in San Marcos was due to some fraud, misconduct or want of due care by defendant." The charge should have qualified the finding for defendant by adding also, "unless you further find that the mistake in the transmission of the message was caused by the negligence of defendant or its agents." The qualification of the charge given included only the negligence of defendant's servants in finding the plaintiff; it should have embraced the error or mistake in the transmission of the message in order to be a correct charge upon the subject. The contract as to repeating the message could not bind if the failure in transmitting it correctly as written was due to the negligence of defendant's servant so transmitting it. Telegraph Co. v. Linn, 87 Texas, 11; Telegraph

Co. v. Lyman, 22 S. W. Rep., 658; Telegraph Co. v. Short, 14 S. W. Rep., 649.

5. It seems that defendant had choice of two lines on which to send the message, one direct from Marfa to San Antonio and thence to San Marcos, and one from Marfa to El Paso, and thence to Dallas, thence to San Antonio, and thence to San Marcos, all the intermediate places being relay offices where the message was received and forwarded. The addressee's name was changed in transmission. The court instructed the jury at request of defendant by special charge No. 17, "that the defendant is not required by law to send a message direct to San Marcos, but the defendant and its agents have the right to send said message by any route that is open to them at the time, considering the condition of the wires and other apparatus used for sending messages, and if the company used ordinary care under all the circumstances in sending the said message, then defendant has the right to select the route." The charge should have instructed the jury that defendant would be held to ordinary care in selecting the route under the circumstances, as well as in sending the message; that is, if any charge was necessary on the subject at all.

6. It was error to require witnesses W. F. Mitchell and W. B. Mitchell, over objection of plaintiff, to answer questions asked by defendant as to the time, labor, means and expenses necessary to restore the cattle to their former condition. The evidence was not pertinent to the issue, and did not furnish the correct measure of damages. The correct rule for the measure of damages for shrinkage of cattle in this case is stated in the case of Railway v. Hume, 24 S. W. Rep., 917, and in the same case on writ of error to the Supreme Court, 27 S. W. Rep., 110, 111; Railway v. Stanley, 29 S. W. Rep., 806.

7. We are at a loss to understand how the jury could, under the testimony, reach the conclusion that plaintiff was not entitled to damages, considering other findings upon the subject, unless they were led to do so upon the theory submitted to them by the court as to prior negligence of plaintiff constituting contributory negligence which would prevent a recovery of damages. The jury, answering special issues submitted to them, found that the message was received by defendant at San Marcos, addressed to E. W. Fitchell instead of W. F. Mitchell; that the delay and non-delivery of the message was due to the error stated in transmission; that it was not caused by physical causes such as high winds, storms, or like disturbances to which the wires were exposed; that the error in the transmission of the message and its non-delivery resulted from want of due care on the part of defendant's servants, by negligence of the receiver at El Paso; that the losses were caused by the failure of water at the time in question; that the water did not disappear suddenly; that it was not discovered by plaintiff's agent until the 23d of March; that the agent was not negligent in failing to discover the failure earlier, and informing his principal; that plaintiff could, if his son's dispatch had been properly transmitted and

delivered to him in reasonable time, have guarded against the losses and injuries complained of by employing means which his son could not have provided for—the means he did resort to after he arrived at Marfa in answer to his son's letter.

These special findings are inconsistent with the general finding that no damages were due to the plaintiff, applying the law as we have herein stated it on the subject of contributory negligence as to the prior and original want of care on the part of plaintiff in not providing water for his cattle beforehand to meet the emergency that did arise. In our view of the matter, the error in the court's charge is emphasized by the verdict, as without that error the jury would have awarded some damages for the injuries complained of. Some damages were shown, and the verdict is inconsistent with itself upon any other view than that mentioned.

8. Complaint is made by appellant of the court's failure to submit all the issues in the case, having undertaken to submit the cause upon special issues. Our attention is called to but one omission in this respect,—as to notice to defendant's operator or agent of the importance of the message and the condition of the cattle. We doubt the correctness of submitting this case upon special issues; it might have been submitted more satisfactorily in the usual manner calling for but one general verdict; but the court having undertaken to call for special findings, all material issues should have been submitted, so that, upon return of the verdict, nothing would remain for the court but to draw the conclusions of law and enter judgment. Rev. Stats., arts. 1331, 1332, 1333.

All the issues of fact properly litigated under the pleadings must be submitted, if a special verdict is required by the charge, and a charge in such case omitting a necessary issue is erroneous. Newbolt v. Lancaster, 83 Texas, 271; Cole v. Crawford, 69 Texas, 126; Frost v. Frost, 45 Texas, 324. All the issues submitted by the court should be answered unless they are entirely eliminated by other answers; and if the jury omit such answers, or if their answers are not responsive, the court "should call their attention thereto and send them back for further deliberation." Rev. Stats., art. 1327; Anderson v. Webb, 44 Texas, 147; Kerr v. Hutchins, 46 Texas, 384; Adams v. Cook, 55 Texas, 161.

Because of the errors on the trial herein pointed out, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 29, 1896.

Writ of error refused.