**SCHAFF v. LYNN et al.   (No. 6696.)**

(Court of Civil Appeals of Texas. San Antonio.  Feb. 15, 1922.)

**1. Damages ⬥208(1)—Measure of damages for court, not jury.**

The measure of damages is a matter of law for the court, and not of fact for the jury.

**2. Trial ⬥215—Court must define measure of damages though case was submitted on special issues.**

Where special issues required jury to ascertain amount of damages, it was the duty of the court to instruct the jury as to the measure of damages, even though the case was submitted to the jury upon special issues.

**3. Trial ⬥278—Party objecting to charge must specify objection.**

A party objecting to the charge as prejudicial or inapplicable to the pleadings or evidence must specify the particular objection.

**4. Trial ⬥350(6)—Refusal to submit distinct issues of negligence separately held error.**

Where live stock shipper charged carrier with negligence in two particulars—in delaying

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

transportation and in the rough handling of the cattle—refusal to submit special issue requested by carrier as to negligent delay separately from issue as to the rough handling of the cattle *held* error in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a.

**5. Judgment ☞256(7)—If jury does not allow shipper interest as damages in. verdict, court cannot grant damages in judgment.**

Live stock shipper suing carrier for negligent delay and rough handling of cattle, and for interest on the damages from the date the cattle were sold at destination, was not entitled to judgment for the lump sum named in verdict with interest from such date, and could recover interest only as a part of the damages.

Appeal from Jim Wells County Court; R. R. Mullen, Judge.

Action by B. J. and R. Lynn, against C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiffs, and defendant appeals. Affirmed in part, and reversed and remanded in part.

Kleberg, Stayton & North and John S. McCampbell, all of Corpus Christi, for appellant.

Perkins & Floyd, of Alice, and H. S. Bonham, of Beeville, for appellees.

SMITH, J. On June 12, 1920, B. J. and R. Lynn shipped two carloads of cattle from San Diego to the Fort Worth market, over the lines of railway of the Texas Mexican Railway Company, the San Antonio & Aransas Pass Railway Company, and the Missouri, Kansas & Texas Railway Company of Texas, of which C. E. Schaff was the receiver. The Lynns sued the two companies first mentioned, and the receiver of the last-named company, for damages occasioned by delays and rough handling of the cattle, whereby one head is alleged to have been killed, and the balance lost in weight and declined in selling value. The cause was submitted upon special issues, and upon the answers thereto the court rendered judgment in favor of the two companies against plaintiffs, and in favor of plaintiffs against receiver Schaff for $507.96, which included interest from the day the cattle were sold on the market. The special issues, and the answers of the jury thereto, which are material here, were as follows:

"Question 4: Do you find as a fact from the evidence that the defendants, their agents, servants or employees, or either or any of them was negligent in the handling or transportation of said stock? Answer 'Yes' or 'No.'

"Answer: Yes.

"Question 5: If you have answered question No. 4 'Yes,' then answer, did plaintiffs, B. J. Lynn and R. Lynn, sustain any damage by reason of the negligence, if any, found by you in answer to question No. 4? Answer 'Yes' or 'No.'

"Answer: Yes.

"Question 6: If you have answered question No. 5 'Yes' then please answer what amount of damage, if any, do you find has been sustained by plaintiffs, B. J. Lynn and R. Lynn, by reason of the negligence, if any, of the defendants? Answer in dollars and cents.

"Answer: $474.04.

"Question 7: What amount of the damages, if any, has been found by you in answer to question No. 6 was caused by the negligence, if any, of the defendant, Texas Mexican Railway Company? Answer in dollars and cents.

"Answer: None.

"Question 8: What amount of the damages, if any, has been found by you in answer to question No. 6 was caused by the negligence, if any, of the defendant, San Antonio & Aransas Pass Railway Company? Answer in dollars and cents.

"Answer: None.

"Question 9: What amount of the damages, if any has been found by you in answer to question No. 6, was caused by the negligence, if any, of the defendant, C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas? Answer in dollars and cents.

"Answer: $474.04."

In connection with the special issues the court instructed the jury that:

"You are further instructed that the measure of plaintiffs' damage, if any, in this case is the difference between the market value of their shipment of stock at the time and the condition in which it should have arrived at its destination, and the market value of said shipment of stock at the time when and the condition in which it did arrive at its destination."

[1-3] Appellant complains of the action of the court in defining the measure of damages in the charge to the jury, contending that, where a case is submitted to the jury upon special issues, only questions of fact should be submitted. The measure of damages in any case is a matter of law, and not of fact, and should be determined by the court, and not by the jury. In view of the form in which the issue of damages was submitted to the jury, in special issues 6 and 9, it was, in our opinion, incumbent upon the court to define the measure of such damages, just as it was its duty to define ordinary care and negligence. They are all alike questions of law, on which it was the duty of the court to instruct the jury. If the charge was prejudicial, or inapplicable to the pleadings or evidence, as is in general terms urged by appellant, no specific objections on that account have been pointed out in such way as to present error. If it was subject to these objections, it was incumbent upon appellant to point out specifically in what respect it so offended. Nor does the charge, in our

opinion, have the effect urged by appellant, of informing the jury what the effect of their answers would be, and is not subject to that specific objection. We do not mean here to expressly approve the form of special issues 6 and 9, to which appellant makes no specific objection in his brief. But we do say that, because of their form, it was proper for the court to define the measure of damages for the guidance of the jury in answering those issues. If the amount and value of shrinkage and decline in price of the cattle, and the value of the dead cow, had been ascertained by special issues separately submitted, as they probably should have been, then there would have been no occasion to define the measure of damages.

[4] Appellees charged the defendants below with negligence in two particulars: First, in delaying the transportation and delivery; and, second, rough handling of the cattle. The cause was submitted upon special issues, and the question of negligence was submitted in one general question, as shown in special issue No. 4. Appellant Schaff requested the court to submit the following special issue:

"Did the defendants transport plaintiff's cattle to and deliver them at Fort Worth, Tex., as found by you in answer to question No. 1 of the court's main charge and issues within a reasonable time after said cattle were received by defendants for such transportation?"

The court, however, refused to submit this issue, and its refusal is the subject of appellant's second assignment of error, the proposition thereunder being that:

"In a cattle shipment case like this, where the negligence depends on whether or not there was any delay, it is error for the court to refuse to give appellant's requested special issues requiring them to find whether or not they were transported within a reasonable time."

This assignment must be sustained. It has been repeatedly held that, where a cause is submitted upon special issues, where recovery of damages is sought upon two or more distinct issues of negligence, it is the duty of the court, when properly requested by the defendant, to submit each such issue to the jury in a separate question, and that a refusal to so submit such issues requires a reversal. Article 1984a, Vernon's Sayles' Ann. Civ. St. 1914; Silliman v. Gano, 90 Tex. 637, 39 S. W. 559, 40 S. W. 391; Newbolt v. Lancaster, 83 Tex. 271, 18 S. W. 740; Cole v. Crawford, 69 Tex. 124, 5 S. W. 646; Mitchell v. Tel. Co., 12 Tex. Civ. App. 262, 33 S. W. 1016; Kilgore v. Moore, 14 Tex. Civ. App. 20, 36 S. W. 317; Ry. v. Bomar (Tex. Civ. App.) 207 S. W. 570; Dallas Hotel Co. v. Fox (Tex. Civ. App.) 196 S. W. 652;

Ry. v. Francis (Tex. Civ. App.) 227 S. W. 342; Jamison Co. v. Measels (Tex. Civ. App.) 207 S. W. 365; Sherrill v. Lumber Co. (Tex. Civ. App.) 207 S. W. 149; Railway v. Speer (Tex. Civ. App.) 212 S. W. 762; Buckholts State Bank v. Graf, 200 S. W. 858. In the Bomar Case it is said:

"It has been repeatedly held that only ultimate issues should be submitted, and not issues on merely evidentiary facts. But there may be more than one ultimate issue of negligence in the same case if different and separate groups of facts are relied on as constituting separate and distinct acts of negligence for which recovery might be had, independent of the other. The condition of the switch track and that of the stock pens are distinct, and liability for results of negligence in the maintenance of either might exist, independently of the other. As a general rule, we should say that, where these two different conditions are relied on for recovery of damages in the same case, there are two separate and distinct issues of negligence that should be submitted separately."

[5] Appellees sued for interest on the damages recovered from the date the cattle were sold at destination, but the jury did not find for such interest in their verdict, unless it was included in the lump sum named therein. The court, however, rendered judgment for the amount of the verdict plus interest as sued for. This was error. In suits of this nature interest, if recoverable, is recoverable only as a part of the damages; and where, as here, the jury fails to return a verdict therefor, the court has no authority to include it in its judgment. Railway v. Addison, 96 Tex. 61, 70 S. W. 200; Houston v. Booth (Tex. Civ. App.) 107 S. W. 887; Railway v. Lane (Tex. Civ. App.) 118 S. W. 847; Railway v. Ewing (Tex. Civ. App.) 145 S. W. 1028. Appellees cite the opinion of this court in Railway v. Sutherland (Tex. Civ. App.) 199 S. W. 521, as holding to the contrary. In that case, however, it was simply held that the question, which was raised for the first time on appeal, did not present fundamental error, to which holding we adhere. It was there distinctly recognized that the action of the court in rendering judgment for interest in the absence of a jury finding was error. Ordinarily such error does not require reversal, but may be cured by remittitur, or by reforming the judgment at the cost of appellee, if the question is properly raised in the trial court.

The judgment in favor of the Texas Mexican Railway Company and San Antonio & Aransas Pass Railway Company is not complained of, and will be affirmed, but, for the error of the court in refusing to submit the special issue requested by Schaff, the judgment as to him will be reversed and the cause remanded.

Affirmed in part; reversed and remanded in part.