## W. J. NEWBOLT ET AL. V. J. E. LANCASTER.

### No. 3418.

1. **Practice—Special Issues — Execution Sale of Land. —** Plaintiff sued for recovery of land, alleged to have been bought at sheriff sale under execution, against defendant in execution and his voluntary grantee. The defendants pleaded general denial. The court submitted special issues, but omitted to submit the issues as to existence of the judgment and execution under which the plaintiff claimed. The jury responded to the issues submitted and in favor of the plaintiff. *Held*, in absence of finding the judgment and execution plaintiff could not recover.

2. **Assignment of Error. —** The assignment of error, that "the court erred in rendering judgment for plaintiff on such questions and answers as noted above," was sufficient to question the sufficiency of the special verdict to support the judgment.

APPEAL from Ellis. Tried below before Hon. ANSON RAINEY. The opinion states the case.

*E. P. Anderson* and *M. W. McKnight*, for appellants.

*G. C. Groce* and *M. B. Templeton*, for appellee.

FISHER, JUDGE, *Section B.*—This suit was originally instituted by appellee, against appellants W. J. Newbolt and his infant daughter Nina May Newbolt, in form of trespass to try title to recover 150 acres of land.   Appellee (plaintiff below) by amended petition filed March 4, 1890, in substance alleged, that on January 30, 1888, one H. C. Neal in the Justice Court recovered judgment against J. H. Carlisle and W. J. Newbolt for $36.96 and costs of suit, amounting to $11.80; that said judgment was rendered on a note dated January 6, 1887; that on said judgment execution was, on the 15th day of January, 1889, issued and duly levied upon the land sued for, and after due notice sold by the proper officer on the 5th day of March, 1889, at which sale the plaintiff became the purchaser for the sum of $50, and having paid said sum, received from the constable a deed to said land conveying title to him. Plaintiff further alleged, that on the 23d day of February, 1888, defendant W. J. Newbolt conveyed the land in controversy to his infant child Nina May Newbolt, for the purpose of hindering, delaying, and defrauding his creditors, and that said conveyance was voluntary; that W. J. Newbolt was insolvent.   Prayer was made for the cancellation of said deed and a decree for the possession of said land.

Defendant W. J. Newbolt answered by his attorneys, and Nina May by guardian ad litem.   The answer consists of general denial and special answer alleging that the judgment mentioned in plaintiff's petition had been satisfied before the sale of the land by the levy of an excution on a horse of J. H. Carlisle; that proper notice of the sale had not been given; that no demand for levy was made; that defendant W. J. Newbolt had personal property and unimproved land sufficient to pay said judgment; that the purchaser and constable colluded to sell said land in fraud of the rights of said W. J. Newbolt; that said W. J. Newbolt was not insolvent; and further, in effect, that Newbolt made to plaintiff a tender of the amount due on the judgment, and that the land was purchased by appellee for $50.   It was worth at the time $4000.

By supplemental petition, plaintiff below denied the allegations made in the special answer of defendants; further alleging, however, that a demand for levy was made of W. J. Newbolt by the officer; that he denied having any property subject to execution; that at the request of said Newbolt and Carlisle, said constable did mark a levy on a gray horse, but in fact said officer never took possession of said horse, and in fact never so much as saw him; but if defendants indeed ever had such horse the same remained in their possession, they promising to pay off the execution in a few days, which promise, however, they never complied with, but reported said horse dead, etc.

At the March term, 1891, of the District Court, the case was tried upon special issues submitted by the court to the jury; upon the answers thereon the court rendered judgment for plaintiff (appellee).

The issues submitted with the findings of the jury are as follows:

Question.—Was W. J. Newbolt, the defendant, solvent or insolvent on the 23d day of February, 1888, the date he and wife deeded the land in controversy to his child Nina May Newbolt? That is, was his indebtedness greater than the value of the property owned by him at that time subject to execution? [The property exempt from execution is 200 acres of land, two horses, and one wagon, all implements of husbandry, all provisions and forage on hand for home consumption, five milch cows and their calves, twenty head of hogs, and twenty head of sheep.] Answer.—Insolvent.

Q.—Was said land deeded by said Newbolt with intent on his part at the time to put said land out of the reach of his creditors? A.—We believe it was.

Q.—Was said W. J. Newbolt solvent or insolvent at the time said land was levied on in 1889? A.—Insolvent.

Q.—Prior to the levy on the land in controversy, did Ota Cantrell, constable, ever make a demand of W. J. Newbolt for a levy? A.—He did.

Q.—Did W. J. Newbolt have notice of the land being levied on, or that it was going to be levied on, prior to the time said land was sold under execution? A.—He did.

Q.—What was the value of the land at the time it was sold under execution in 1889? A.—Two thousand two hundred and fifty dollars.

Q.—What was the price for which said land was bid off at the time it was sold under execution? A.—Fifty dollars.

Q.—Did the fact that the deed to said land from said Newbolt to his child being of record, and mortgage on fifty acres of the land being of record, deter parties from bidding for the land when sold, and cause the land to bring a small price? A.—It did.

Q.—Was there any fraudulent combination, collusion, or agreement between Ota Cantrell and J. E. Lancaster, plaintiff, by which W. J. Newbolt or Nina May Newbolt were to be deprived of the land in controversy? A.—No.

Q.—Was there any act of said Cantrell or J. E. Lancaster, plaintiff, that caused said land to sell for a small price? If so, state what said act was. A.—Yes, by J. E. Lancaster making known the prior deed to Nina May Newbolt, as well as the mortgage on fifty acres of the land.

Q.—Was the land advertised for sale by posting notices at the court house door in Waxahachie and two other public places in Ellis County? A.—Yes.

Q.—Was said land sold under the execution on the 5th day of March, 1889, or on some other day? A.—On the 5th.

We will dispose of this case under the ninth assignment of error. It reads, "The court erred in rendering judgment for plaintiff on such questions and answers as noted above."

The answer filed by appellants puts in issue all the material allegations contained in plaintiff's petition. The judgment and execution by virtue of which the land was sold and under which appellee asserts title, must be proved in order to support a judgment in favor of appellee. In submitting special issues to the jury, the law, as construed in the case of Cole v. Crawford, 69 Texas, 126, requires that all the material issues of fact made by the pleadings must be submitted and determined or the verdict must be set aside.

The charge failed to submit any issue as to the existence of the judgment and writ of execution under which the sale was made, and in this respect no finding was made by the jury.

We report the case for reversal.

*Reversed and remanded.*

Adopted February 9, 1892.

A motion for rehearing was overruled.