JONES et al. v. HUGHES et ux.   (No. 90.)

(Court of Civil Appeals of Texas.   Waco.
Oct. 23, 1924.   Rehearing Denied
Nov. 13, 1924.)

On Rehearing.

1. **Appeal and error** ⟲1062(2) — **Failure to submit issues as to indorser's liability on vendor's lien notes held not prejudicial error.**

In suit by vendee to cancel vendor's lien notes, failure of court to submit issues as to whether indorser on notes was liable as principal or surety thereon *held* not prejudicial error, where judgment was rendered against him as surety only, said issue was not disputed, and no complaint was made as to court's finding with reference thereto.

2. **Trial** ⟲350(8)—**Failure to submit issues as to amount due on vendor's lien notes held not error, where evidence undisputed.**

In suit by vendee to cancel vendor's lien notes, in which transferee of notes filed cross-action, seeking judgment for amount of notes, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971 and 1985, court did not err in rendering judgment on cross-action, without submitting to jury issues as to amount due on notes or as to lien securing them, where evidence was undisputed and raised no such issues, and vendee did not request submission of issues on such questions.

Appeal from District Court, Johnson County; Irwin T. Ward, Judge.

Suit by R. J. Jones and others against C. B. Hughes and wife, in which defendants filed cross-actions. From judgment for defendants on their cross-actions, plaintiffs appeal. Affirmed.

Bailey, Nickels & Bailey, of Dallas, for appellants.

E. A. Rice, and F. E. Johnson, both of Cleburne, and Phillips & Hurley, of Fort Worth, for appellees.

BARCUS, J.   On July 17, 1920, appellant R. J. Jones entered into a written contract with appellee C. B. Hughes, which was signed by appellant J. C. Leverett, under the terms of which R. J. Jones agreed to purchase 140 acres of land in Johnson county and some personal property from C. B. Hughes, agreeing to pay him for said land $24,500, $5,700 of which was to be paid by the conveyance by Jones to Hughes of his equity in 174 acres of land in Johnson coun-

ty, and the remainder of the consideration to be represented by twelve vendor lien notes for $1,566.66 each, bearing 8 per cent. interest, the first note payable January 1, 1922, and one annually thereafter; and he was to pay $3,718 in cash for the personal property. The contract provided that Jones was to have the privilege of borrowing some of the money from a loan company, for which a first lien was to be given, and that all second lien notes should be signed by J. C. Leverett as surety.   The contract provided that Hughes should furnish abstract showing merchantable title.   On July 29, 1920, appellee C. B. Hughes and wife, by warranty deed, conveyed the 140 acres of land to the appellant R. J. Jones, which deed recites a consideration of $5,700 cash paid, and the execution of the twelve notes for $1,566.66 each, signed by R. J. Jones and wife, Augusta Jones, and J. C. Leverett, payable to the order of C. B. Hughes, the first note due on January 1, 1922, and one annually thereafter.   The deed retained a vendor's lien to secure the notes.   At the time the land was conveyed to Hughes by Jones there was a deed of trust against the 140 acres for about $3,000, payable to a loan company, which appellee Hughes was to pay, and appellants knew of the existence of said lien at said time.

On January 3, 1922, two days after the first note fell due, appellants brought this suit to cancel the contract and cancel the 12 notes which appellants had given to Hughes, and to recover from C. B. Hughes the $3,712 cash paid for personal property and the $5,700 cash value of equity in the 174 acres of land, alleging that Hughes had sold the same, claiming they were entitled thereto because Hughes had promised to pay the $3,000 lien against the property before January 1, 1921, and had failed to do so, and because Hughes had promised not to transfer the 12 notes and he had transferred same to the appellee Laura B. Hughes, and alleged that, by reason of the notes not having been paid and the lien released, appellants had been prevented from selling the land, and had not been able to borrow any money on same with which to pay appellee's 12 notes.   The appellant Leverett, in addition to the above, pleaded a failure of consideration for his signing the notes.

Appellees C. B. Hughes and wife filed answer, consisting of demurrer and general denial and some special pleas, in which they alleged that appellee C. B. Hughes was to pay off the note, and had paid same, and that he had postponed paying it at the instance and request of appellants.   The appellee Mrs. Laura B. Hughes filed answer and filed a cross-action against appellants, asking for judgment on the 12 notes which appellants had given, together with interest

and attorney's fees, and for a foreclosure of the vendor's lien, she claiming that the notes and all interest that had accrued since January 1, 1921, had been transferred to her by C. B. Hughes, who had guaranteed payment. She asked for judgment against the original makers of the notes, appellants herein, as principals, and C. B. Hughes as indorser, C. B. Hughes filed cross-action, asking for a judgment against appellants for the interest due on the notes from their date to January 1, 1921.

The cause was tried to a jury and the jury found that appellee C. B. Hughes was ready, able, and willing at all times to pay the debt which was against the 140 acres of land, and that appellant J. C. Leverett had agreed to postpone the payment of the same, and that neither C. B. Hughes nor Mrs. Laura B. Hughes in any way prevented appellants from borrowing money on the 140 acres of land, and that C. B. Hughes did not agree not to transfer the vendor's lien notes, and that C. B. Hughes did not prevent appellants from consummating a sale of the property. The court did not submit any issue, and none was requested by any of the parties bearing on the cross-action filed by appellees C. B. Hughes and Mrs. Laura B. Hughes against appellants on the notes in controversy. Based on the findings of the jury and the findings of the court, the trial court entered judgment denying appellants any relief, and rendered judgment for C. B. Hughes against appellants for the interest on the notes from their date until January 1, 1922, and rendered judgment for Mrs. Laura B. Hughes against appellants for the principal of said notes, together with interest from January 1, 1922, and 10 per cent. attorney's fees as provided for in the notes, together with a foreclosure of the vendor's lien. Said notes provided that failure to pay any one note when due should, at the option of the holder, mature all unpaid notes. At the date of trial the $3,000 note had been paid by C. B. Hughes and the lien had been duly released.

Appellants, at the close of the testimony, requested the court to give a peremptory instruction for them, canceling the notes in controversy, and for judgment for the amount that they had paid appellee C. B. Hughes, which the court refused, and appellants assign'error. The testimony raised the issues given by the court to the jury, and, the jury having answered the special issues against appellants, they were not entitled to recover, and there was no error in the court's refusing to give said charge.

Appellants further assign error on the trial court's action in rendering judgment for the appellees on their cross-action against appellants on the notes. Appellants contend that the issues should have been submitted to the jury, and that the court did not have any authority to find the facts. There was

no dispute about the notes being executed by the appellants, and no issue raised as to any credits, payments, or offsets thereon. Under article 1971 of the Revised Statutes, the trial court is only required to submit controverted issues, and article 1985, Revised Statutes, provides that, upon appeal, an issue not submitted and not requested by a party to the cause shall be deemed as found by the court in such manner as to support the judgment, provided there be evidence to sustain such finding. It was not necessary for the court to submit any issue to the jury, with reference to the notes sued on in the cross-action by appellees, because there was no evidence raising any controverted issue with reference to said notes or the lien on the 140 acres of land securing same, and it was the duty of the court to render judgment for appellees on said notes after the jury had found facts which prevented the court from rendering a judgment canceling the notes. Pullman Co. v. Gulf, C. & S. F. Ry. Co. (Tex. Com. App.) 231 S. W. 741; Fort Worth & D. C. Ry. Co. v. Smithers (Tex. Civ. App.) 228 S. W. 643; American Surety Co. v. Hill County (Tex. Civ. App.) 254 S. W. 248.

We have examined all the assignments of error, and do not think any of them show any cause for reversal, and the judgment of the trial court is affirmed.

## On Rehearing.

[1] Appellants in their motion for rehearing complain of our failure to specially dispose of their assignment of error, based on the failure of the trial court to submit to the jury the special issues requested by appellant Leverett, which raised the question as to whether Leverett was a surety or a principal on the vendor lien notes sued on. The trial court rendered judgment against appellant Leverett only as a surety on the notes. None of the parties complain of the court's finding, with reference to said question. Said issue was not disputed, and appellant Leverett had all of the advantage that he could have if the issues had been submitted to the jury and found in his favor.

[2] Appellants further claim that the opinion by the court in this cause is in conflict with the opinion in the case of Union Carpet Co. v. Miller & Co., 38 Tex. Civ. App. 575, 86 S. W. 651, in that appellant contends the trial court did not submit any issue with reference to the cross-action filed by Mrs. Hughes on the notes, and for said reason the trial court could not find the undisputed issues, because no issue on the question had been submitted. We do not think our opinion is in conflict with the case cited. Appellee Mrs. Hughes in the trial court filed her answer and cross-action against all of the other parties, asking judgment for the amount of the notes, principal, interest, and attorney's fees, and appellants Leverett and

Jones filed answer thereto, setting out a number of grounds why the notes were non-enforceable and not binding obligations on either Jones or Leverett. All of the defensive matters pleaded by both Jones and Leverett that would defeat appellee Mrs. Hughes' recovery on the notes were submitted to the jury under special issues, and the jury found against appellants on every ground they alleged as a reason for not paying the notes. There was no issue raised as to the amount, if anything, due on the notes, nor with reference to the lien to secure same, and no request made by any of the parties to submit said issues, and appellants do not complain that they have been in any way injured, or that the judgment is for more than the amount due on said notes. We think the court, in this case, was not only authorized by articles 1971 and 1985, Revised Statutes, to find on these undisputed facts, but that it was the trial court's duty to do so.

We have carefully examined all of appellants' assignments of error again, and the motion for rehearing is overruled.