Court of Civil Appeals of Texas. Eastland.
Jan. 11, 1929.

Rehearing Denied Jan. 25, 1929.

Butts & Wright, of Cisco, for appellant.
Barker & Orn, of Cisco, for appellee.

FUNDERBURK, J. Mrs. Grant Mason recovered judgment in the court below against Cisco Building & Loan Association for $655, with 10 per cent. interest, from which the latter has appealed. The suit, as we construe the pleadings, is one for recovery upon an oral contract, by the alleged terms of which appellee agreed to purchase 200 shares of stock in the Building & Loan Association and the latter agreed that she should have the option to surrender her stock and interest in the association and withdraw her money paid upon the stock, with 10 per cent. interest, at any time after giving the appellant 30 days' notice in writing. It was alleged that about April 1, 1927, plaintiff, having paid in all the sum of $600, gave such notice of intention to withdraw said sum, and demanded performance of the agreement. Appellant thereupon tendered to her the sum of $300 in full of its liability. Appellant, in answer to appellee's suit, claimed that appellee had become a member of the association; that she had signed a written application for the purchase of the stock, which application referred to the by-laws as a part thereof, by reason of which she became chargeable with knowledge of such by-laws; that one of such by-laws provides for the payment of $1.50 per share of stock as a membership fee, which, in no event, was to be refunded; that after payment of such fees on the 200 shares purchased there was a balance of only $300 subject to withdrawal by appellee, under the option claimed by her. It was further answered that appellee had accepted a certificate of the shares of stock and thereby became bound by the provisions of the by-laws.

In reply to appellant's allegations, appellee asserted that she had signed no application or paper of any kind; that the purported application was a forgery; and that, although she had received the stock certificate, she took it under the belief that it was a memorandum in the nature of a receipt, which she accepted only as evidence of the payment of her money.

At the conclusion of the testimony, two questions only were submitted to the jury, as follows:

(1) "Did the plaintiff, Mrs. Grant Mason, sign the application for membership in the Cisco Building & Loan Association introduced in evidence in this case? Answer yes or no."

(2) "For what purpose did the plaintiff, Mrs. Grant Mason, accept the stock certificate delivered to her by the defendant and introduced in evidence in this case?"

The jury answered "No" to the first question, and as to the second found that the purpose of the acceptance of the stock certificate was "for evidence." Upon such verdict the judgment for appellee was rendered.

Appellant presents no assignment complaining of the manner in which the issues

were submitted to the jury, nor the want of evidence, nor the insufficiency of evidence to support them. By a single proposition it is contended that:

"The purchaser of the stock in a building and loan association is chargeable with knowledge of the provisions of its by-laws and is bound thereby."

This proposition is under a single assignment that: ·

"The court erred in refusing to instruct the jury at the request of the defendant to return a verdict in favor of the defendant."

It is apparent that the proposition assumes that appellee was a member. Whether she was or not was, under the pleadings, an issue in the case which was determined, whether correctly or incorrectly, adversely to appellant. We are therefore of opinion that appellant's proposition cannot be sustained as showing error in the action of the trial court in refusing to give a peremptory instruction for defendant. It may be conceded that, if appellee was a member of the Building & Loan Association, she was chargeable with knowledge of its by-laws and bound by their provisions, and yet that fact is of no avail as against a judgment, not otherwise complained of, which is based upon a theory that she was not a member.

In this state of the case it becomes our duty to inspect the record to determine if there be any fundamental error apparent, such as prevents our affirming the judgment. ██ Appellee, in her brief, seems to contend that her suit is predicated on the theory of a rescission for fraud and misrepresentation of her agreement concerning the purchase of stock. Her pleadings, however, in our opinion, are not susceptible of such construction. On the contrary, it is very clear that by her suit she seeks to enforce the alleged agreement. This idea is consistently carried out in the entire proceedings, including the recovery of 10 per cent. interest on the judgment, not recoverable on any other theory.

It is manifest that the only issues submitted to the jury called for no findings as to the existence or terms of the alleged agreement. The questions submitted had reference only to issues tendered by the defendant. Can a judgment for plaintiff, in a case tried with a jury, be permitted to stand, when based on no verdict of the jury finding any issue whatever upon which the judgment is sought? If appellee established by undisputed evidence the existence and terms of the contract alleged, it was necessary nevertheless to have the jury's verdict finding the existence and terms of such contract as a basis for the judgment. If the evidence was undisputed, and not of a character making it necessary or proper for the jury to determine the weight to be given same or the credibility of witnesses, it was the duty of the court to instruct a verdict. This duty does not warrant the court in substituting its own findings. Revised Statutes, art. 2190, has no application to such a case. An independent ground of recovery, when not submitted to the jury and not requested to be submitted, is waived. Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084. Under this rule, had the trial court given judgment for defendant, it is not at all certain that plaintiff would not, by her omission to request an issue as to the existence and terms of the contract, have waived her entire cause of action. The judgment for appellee being wholly unsupported by any verdict, finding in her favor any issue involving her right·to a judgment cannot be permitted to stand.

██ That such error is fundamental was determined by this court in Ratcliffe v. Ormsby (Tex. Civ. App.) 298 S. W. 930, affirmed Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084.

The conclusion reached makes it unnecessary for us to pass upon the question regarding the statement of facts or the contention that appellant's sole assignment of error is too general to be considered.

For the reasons discussed, the judgment of the trial court is reversed and the cause remanded.

### On Rehearing.

██ Appellant has filed a motion, urging that it is our duty to render judgment for it rather than to remand the cause. The statement supporting this contention quotes liberally from the statement of facts. In this motion, apparently, appellant overlooks the fact that we are not at liberty to consult the statement of facts to ascertain what the evidence shows. We reversed the case for the reason, and only for the reason, that the transcript, in our opinion, disclosed fundamental error in the proceedings resulting in the judgment below. Had recourse to the statement of facts been necessary to ascertain this fact, then this court would have been under necessity of affirming the judgment, since we held that there was no assignment of error so presented as to authorize our consideration of it.

Under these circumstances, we fail to see any merit in the motion for rehearing, and same is accordingly overruled.