## LIVEZEY v. PUTNAM SUPPLY CO.
### No. 704.

Court of Civil Appeals of Texas. Eastland.
May 16, 1930.

Rehearing Denied July 11, 1930.

F. L. Kuykendall, of Albany, and Eugene Lankford, of Cisco, for appellant.

Butts & Wright, of Cisco, and Giles Harris, of Moran, for appellee.

### HICKMAN, C. J.

The appeal is from a judgment in favor of appellee against appellant for the title and possession of personal property, consisting of well-drilling machinery and tools. The nature of the present suit can probably be best understood by a recital of the facts of a former suit, pleaded herein by appellant as res adjudicata of the issues involved. On the 17th day of June, 1927, Allen Buell, Jr., executed to appellant a chattel mortgage upon the property in controversy. This mortgage was signed, "Grider & Buell, by Allen Buell, Jr." Thereafter appellant instituted a suit against A. D. Grider and Allen Buell, Jr., on a note for which the mortgage was executed as security, and for a foreclosure of the mortgage lien.

Grider answered in that suit, admitting in part the indebtedness to appellant, but defending against a foreclosure of the mortgage on the ground that the property covered thereby was not the property of Grider & Buell, but was the individual personal property of Grider alone, in which Buell had no interest.

Issues were joined in that suit as to the authority of Buell to execute the mortgage, and resulted in a judgment in favor of appellant herein, foreclosing the mortgage as to all of the property. No appeal was prosecuted from that judgment.

The record discloses that appellee, Putnam Supply Company, filed a petition in intervention in that cause, declaring upon a mortgage executed to it by Grider. The judgment recites, "and the Putnam Supply Company, intervenor in said cause, having been permitted to withdraw its application to intervene." At the foreclosure sale under the original judg-

ment appellant became the purchaser. Prior to the date of the foreclosure sale appellee had caused the property to be sold under a power contained in a mortgage executed to it by Grider, and became the purchaser at the sale. Appellee's mortgage was dated subsequent to appellant's mortgage, but prior to the judgment foreclosing appellant's mortgage and prior to the institution of the suit for that purpose. The instant suit was filed by appellee to establish its title to the property as against the title of appellant obtained under his foreclosure suit.

Only two issues were answered by the jury upon the trial of the instant case, and upon these answers judgment was rendered for appellee. These issues and the answers thereto were as follows:

"1st. On the 17th day of June, 1927, the date of the defendant Livezey's mortgage, were Arch D. Grider and Allen Buell, Jr., partners, as that term has been defined herein for you? Answer 'No.'

"2d. On the 17th day of June, 1927, the date of the defendant Livezey's mortgage, was all or any part of the property in question the property of Arch D. Grider? Answer 'Arch D. Grider owned all.'"

Eleven propositions for reversal, based upon thirteen assignments of error, are presented in appellant's brief. We shall not discuss each of these propositions separately, but shall discuss the controlling questions of law presented.

A special exception was sustained to paragraphs 3 to 10, inclusive, of appellant's first amended original answer, and this ruling of the trial court is assigned as error. This answer, among other things, pleaded the mortgage executed by Allen Buell, Jr., to appellant; alleged that Grider & Buell were partners, and, as partners, were indebted to appellant in the sum of $2,206, and to evidence such indebtedness the partnership of Grider & Buell, acting through Buell, executed to appellant a promissory note and the chattel mortgage first above described in this opinion. The court erred in sustaining a demurrer to this pleading. Appellant's claim of title came through this mortgage. A fact issue involved in this suit was whether Buell had the authority to execute this mortgage. That fact issue could be determined only from the evidence. Clearly, to our minds, appellant's pleading declaring upon this mortgage was not demurrable. So to hold would have the effect of denying appellant the right to plead his title. The facts alleged, if true, established a better title in appellant than that asserted by appellee. We sustain the propositions complaining of this ruling.

At the conclusion of the testimony appellant requested a peremptory instruction, and the overruling of this request is assigned as error. A consideration of the statement of facts filed herein convinces us that the request should have been granted. As above noted, the issue involved was the title to the machinery and tools. Appellee's claim was based upon a mortgage executed by Grider, and appellant's claim was based upon a prior mortgage executed by Buell. If all of the property did not belong to Grider, appellee did not establish its case. The statement of facts filed herein is very meager, and consists of an agreement that the facts therein recited were established by competent evidence, and that same might be used and would constitute a complete statement of facts. These facts disclose by agreement that some of the tools in controversy belonged to Allen Buell, Jr., and some to A. D. Grider. There is no evidence as to what portion thereof belonged to Grider and what portion belonged to Buell. In the face of these agreed facts the jury has found that all of them belonged to Grider, and a judgment has been rendered for appellee on that theory. Clearly, the finding is without any support in the record. The burden was upon appellee to establish his title to the property in controversy, and his evidence did not show what portion of the property belonged to his mortgagor and what portion belonged to the appellant's mortgagor. There was therefore no basis for the judgment. There is an agreed fact that Buell purchased some of the property from appellee and had never paid it therefor. That agreed fact would not authorize a judgment for the appellee. The only title claimed by appellee was under the Grider mortgage. Buell might have been indebted to appellee for the purchase price of the tools, and at the same time have executed a valid mortgage to appellant thereon. No issue was made or presented as to any right of appellee to repossess the tools sold to Buell under any contract it might have had with Buell in the sale thereof, and no issue was made or presented as to the knowledge, if any, appellant had as to any rights of appellee at the time Buell executed the mortgage to him.

We overrule appellant's contention that the judgment in the foreclosure suit upon his mortgage was res adjudicata of the issues in the instant suit. A judgment is binding only upon the parties thereto and their privies. Had appellant desired to adjudicate the validity of appellee's claim upon his mortgage in the original suit, he should have made it a party. No character of judgment was rendered against appellee in that suit, and it is a well settled rule, based upon substantial and fundamental principles of justice, that the property rights of a party cannot be adjudicated in a proceeding to which he is not a party. Had appellee's mortgage been executed after the rendition of that judgment, a different question would arise. The rule is well stated in 34 C. J. 1017, in this language:

"A judgment against a mortgagor of realty, rendered prior to the execution of the mortgage, binds the mortgagee as a privy and is

conclusive upon him; but a mortgagee is not bound by any proceedings against his mortgagor which were not begun until after the execution of the mortgage, unless he was made a party thereto. And a judgment against the mortgagee is not binding on the mortgagor, where the latter was not in any way joined in the action. Thus, a mortgagee is not bound by the decree in a suit to foreclose a prior mortgage or other encumbrance if he is not made a party to the suit. Nor is he, unless made a party to the suit, concluded by a judgment or decree enforcing a lien against the property. Similar rules apply in the case of chattel mortgages."

■ We attach no legal significance to the fact that appellee made application to intervene in the original suit and withdrew such application. The action of the court in permitting same to be withdrawn was not excepted to, and no appeal was taken from the judgment. No character of relief was or could have been granted against appellee in that suit, and it is not bound by the judgment rendered thereon.

The ruling of the court in rejecting certain evidence offered by appellant is assigned as error, but the record fails to disclose any error in that regard. Bill of exceptions No. 1 discloses that appellant objected to certain direct interrogatories and the answers thereto in the deposition of A. D. Grider. This bill does not disclose what any of the interrogatories or the answers were, and the deposition is not contained in the statement of facts. We are not advised in any manner as to the nature of the evidence to which appellant objected, and clearly would not be warranted in holding that the court erred in admitting the same.

For the reasons assigned the judgment of the trial court is reversed, and the cause remanded.

### On Rehearing.

■ Both parties have filed motions for rehearing. Appellant is very earnest in his insistence that we erred in not sustaining his plea of res adjudicata. It is urged that appellee was a junior mortgagee, and that the rules applicable to senior and junior mortgagees should apply. We cannot adopt this view. It has been determined by the jury that the appellant had no valid mortgage, and we know of no rule which would prevent appellee from establishing that fact.

■ Appellant also insists that appellee should have made a direct attack upon the judgment in cause No. 1187. Neither can we adopt this view. Appellee was not a party to that suit, and no relief was sought or obtained against it therein. It therefore had no right to file a bill of review directly attacking the judgment. We have carefully considered appellant's motion, and same is overruled.

■ In our original opinion we reversed the judgment of the trial court on two grounds, the first being that the court erred in sustaining a special exception to certain portions of appellant's answer. A reconsideration of the record has convinced us that it affirmatively appears therefrom that this error of the court was harmless. The portion of the answer against which the exception was sustained was devoted to a pleading of the facts upon which a plea of res adjudicata was based. These facts, in our opinion, were insufficient to set up res adjudicata against appellee. We determined this in our general opinion. However, in one of the paragraphs included in the number which were stricken on exception appellant pleaded his mortgage, the foreclosure thereof, and the purchase by him of the property at the foreclosure sale. We held that, as to this paragraph, the exception was improperly sustained. It appears that the court, in sustaining this exception, determined only that the facts pleaded did not present the defense of res adjudicata. All of the instruments pleaded by appellant as constituting his chain of title were, in fact, introduced in evidence without objection, and the sustaining of the special exception did not have the effect of depriving him of his right to prove his title. We are not left to speculation or conjecture regarding this, but the statement of facts discloses that all of plaintiff's exhibits were introduced in evidence upon the trial. These exhibits included all instruments upon which appellant's claim of title was based.

We held in the recent case of Hemler v. Hucony Gas Co., 18 S.W.(2d) 942, that the error of the court in striking a portion of a pleading was harmless, where the case was tried on the issues embraced in the pleadings, and the parties against whose pleading the exception was sustained had the benefit of all the evidence. We cited many cases on this point in that opinion, and it is not necessary here to cite them again. The case should not have been reversed on account of the action of the trial court in sustaining the special exception.

■ The other ground of reversal in our original opinion was the error of the trial court in refusing appellant's request for a peremptory instruction. As stated in our original opinion, appellee was the plaintiff below, and had the burden of establishing title to the property in controversy. The abridged statement of facts which is brought here discloses that some of the property was purchased by Buell and some by Grider. Appellant claimed under Buell, and appellee under Grider. Since we were of opinion that appellee (plaintiff) failed to establish title to any severable portion of the property which could be identified, it had failed to discharge the burden resting upon it. In this conclusion we were in error. The property consisted of a well-drilling machine and certain tools, the principal item thereof consisting of the machine. The admitted facts disclose that Grider was the owner of the machine; but leave

uncertain the question of the ownership of the tools. In this state of the evidence a peremptory instruction would have been erroneous, for, under the evidence, appellee had at least discharged the burden resting upon it so far as the machine was concerned, which was the principal item involved. The deficiency of the agreed statement of facts with reference to the title to the tools is probably due to the fact that appellant had no title thereto. His mortgage covered only the machine and machinery, and no particular issue seems to have been made as to the title to the tools. The sufficiency of the evidence to support the verdict is not challenged. We erred in holding that the peremptory instruction should have been given.

Another question involving fundamental error has arisen in the minds of the court. The undisputed facts are that Grider mortgaged the property to appellee; that the mortgage conferred the power to sell the property in case of default in the payment of the debt secured thereby; that this power was exercised by appellee, and it became the purchaser under the sale. None of these undisputed issues were submitted by the court to the jury, and there is no jury verdict supporting appellee's title.

In the case of Cisco Bldg. & Loan Ass'n v. Mason, 12 S.W.(2d) 1106, 1107, this court held that a record in this condition presents fundamental error. In determining that question we made the following holding:

"If appellee established by undisputed evidence the existence and terms of the contract alleged, it was necessary nevertheless to have the jury's verdict finding the existence and terms of such contract as a basis for the judgment. If the evidence was undisputed, and not of a character making it necessary or proper for the jury to determine the weight to be given same or the credibility of witnesses, it was the duty of the court to instruct a verdict. This duty does not warrant the court in substituting its own findings."

It is now the opinion of the majority that this holding was erroneous. Numerous cases hold that only disputed issues of fact should be submitted to the jury. The exact question which we decided in the Mason Case was presented in the case of American Surety Co. v. Hill County (Tex. Civ. App.) 254 S. W. 241, 247. In that case it was contended that the judgment in a case tried by a jury must find support in the verdict, and that, if the evidence is undisputed, a peremptory instruction must be given. In disposing of that contention, the Dallas court uses this language:

"We therefore hold that where the trial court is proceeding under the law governing the submission to the jury of a case on special issues, as distinguished from the law governing a submission on a general charge, a judgment can be entered by the court without going through the form of having a verdict returned on peremptory instructions. Vernon's Sayles' Texas Civil Statutes, arts. 1970, 1984a, 1985; Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515; H. B. & T. Co. v. Lynch (Tex. Com. App.) 221 S. W. 959; White v. Bell (Tex. Civ. App.) 242 S. W. 1082."

A writ of error was granted in that case, and same was referred to Section A of the Commission of Appeals, where the question was again considered. 267 S. W. 265, 268. In the course of the opinion by the Commission, this question is propounded:

"When the trial court renders, under the facts, the only judgment that could be rendered, is it error for the trial court to render such judgment when the case is tried by a jury, without a verdict from the jury upon which to base such judgment?"

After reviewing the authorities, the question is answered in the negative.

The same question was presented, and a like determination made, in the case of Jones v. Hughes (Tex. Civ. App.) 265 S. W. 740; Id. (Com. App.) 277 S. W. 624. This appears to have become the established rule. It was followed by the Dallas court in the very recent case of Vaughn v. Central State Bank (Tex. Civ. App.) 27 S.W.(2d) 1112.

We are therefore of opinion that no fundamental error appears in this record, and that the court had the authority to determine the undisputed issues of fact and render judgment thereon, without submitting same to the jury.

Appellant's motion for rehearing will be overruled.

Appellee's motion will be granted. The judgment heretofore rendered reversing and remanding this cause will be set aside, and in lieu thereof a judgment of affirmance will be entered.

FUNDERBURK, J. (dissenting on rehearing).

The majority opinion correctly shows the facts to be that the issue of ownership by Putnam Supply Company of the property sued for was an "issue made by the pleadings," but no finding upon such issue was embraced in the jury's special verdict. It is therefore clear that the same situation is presented as in Cisco Bldg. & Loan Ass'n v. Mason (Tex. Civ. App.) 12 S.W.(2d) 1106. Consequently, it is appropriate, as the majority opinion does, to overrule the decision in that case, if the present judgment is to be affirmed.

The writer is frank to confess that, at the time the opinion in the Mason Case was rendered, the authorities which the majority now regard as controlling had escaped our attention. That opinion was simply based upon our understanding of the law as declared by the Supreme Court in Silliman v. Gano, 90 Tex. 637, 39 S. W. 559, 562, 40 S. W. 391, with only

such modification, if any, as provided in R. S., 1925, art. 2190. The writer, having given the question an open-minded reconsideration, is still of the opinion that our holding in the Mason Case was correct, and should be applied in the disposition of the present case.

In Silliman v. Gano, the law was definitely declared to be that, when a case is submitted to a jury upon special issues, it is necessary, in order to support the judgment, that the verdict comprehend a finding on every issue made by the pleadings, and that it is immaterial that one or more of such issues is supported by the uncontroverted evidence. In that case the Supreme Court, deploring the rule which required a reversal of the case, said: "Probably the legislature could pass no measure better calculated to promote a prompt and proper disposition of causes than to provide that, when a case is submitted upon special issues, the submission of all issues not requested by a party to the suit shall, upon appeal, be deemed to have been waived, and such issue shall be presumed to have been determined in such manner as to support the judgment of the court." The date of this decision was April 29, 1897. Almost immediately thereafter the Legislature amended article 1331 of R. S., 1895, to provide in part that: " * * * It shall be the duty of the court when it submits a case to the jury upon special issues *to submit all the issues made by the pleading.* (Italics ours.) But the failure to submit any issue shall not be deemed a ground for reversal of the judgment upon appeal or a writ of error unless its submission has been requested in writing by the party complaining of the judgment. Upon appeal or writ of error, an issue not·submitted and not requested by a party to the cause, shall be deemed as found by the court in such manner as to support the judgment; provided, there be evidence to sustain such a finding." Acts 1897, Special Session, chapter 7, page 15. The same provision, with immaterial changes in phraseology, is contained in R. S., 1925, art. 2190.

Two questions arise, which call for consideration and answer. One is whether the law as declared in Silliman v. Gano is still the law, save only as modified by the statute. The other is whether the absent findings are, under operation of the statute, to be supplied by presumption.

Let us particularly inquire first, whether the statute was designed to effect any change in the law as declared in Silliman v. Gano, with respect especially to the requirement that a verdict, in order to support a judgment, must find all the issues of fact made by the pleadings. I think clearly the statute was not intended to make any change in the policy of the law in this regard. The only change attempted to be wrought by the statute was that, in case of the omission of a special verdict to find all· of the issues of fact made by the pleadings, the finding of the omitted issues would not be dispensed with, but rather be supplied by legal presumption. The necessity of the verdict finding all facts, either expressly or by presumption, was just as imperative after enactment of the statute as before. This is shown by express declaration of the statute. Prior to its enactment the courts had declared again and again that, in cases submitted on special issues, "all issues made by the pleadings" must be submitted and found. Silliman v. Gano, 90 Tex. 637; 39 S. W. 559, 40 S. W. 391; Cole v. Crawford, 69 Tex. 124, 5 S. W. 646; Newbolt v. Lancaster, 83 Tex. 271, 18 S. W. 740; Moore v. Moore, 67 Tex. 294, 3 S. W. 284; Handel v. Elliott, 60 Tex. 145; Ledyard v. Brown, 27 Tex. 393; G. H. & S. A. Ry. Co. v. Botts (Tex. Civ. App.) 55 S. W. 514; Texas Brewing Co. v. Meyer (Tex. Civ. App.) 38 S. W. 263; Smith v. Pitts, 57 Tex. Civ. App. 97, 122 S. W. 46; Claiborne v. Tanner, 18 Tex. 68; May v. Taylor, 22 Tex. 349; Paschal v. Acklin, 27 Tex. 173; Paschal v. Kushman, 26 Tex. 74; Jackson v. State, 21 Tex. 668; Mussina v. Shepherd, 44 Tex. 623; Childress v. Smith, 90 Tex. 610, 38 S. W. 518, 40 S. W. 389; Wheeler v. Moore (Tex. Civ. App.) 208 S. W. 678; Lindsley v. Sparks (Tex. Civ. App.) 40 S. W. 605.

The statute, in the same terms, required the court to submit *"all the issues made by. the pleading."* (Italics ours.) Then follows the declaration that, for "failure to submit an issue," there shall be no reversal of the case (unless the issue was requested). That is, of course, no reversal on the ground of such omission. But these provisions, standing alone, are practically destructive of each other. What would it avail to command the court to submit all issues made by the pleading, and at the same time declare if he did not do so the result should be precisely the same as if he had? The statute, however, goes further and does declare the consequence of a failure to submit all the issues which is that "an issue not submitted and not requested * * * shall be deemed as found by the court in such manner as to support the judgment; provided, there be evidence to sustain such a finding." In other words, if the court fails to do what the law commands him to do, the law itself will do that thing by supplying a legal presumption that it was done. To what purpose? Manifestly, to the end that any judgment in any case tried by a jury upon special issues may meet the requisite test of its validity that it be supported by a verdict that finds (expressly or by presumption) every issue made by the pleadings. That such was the effect, and the only effect of the statute, was recognized in Ablowich v. National Bank, 95 Tex. 429, 67 S. W. 79, 881, and G. H. & S. A. Ry. Co. v. Botts (Tex. Civ. App.) 55 S. W. 514, 515. In the last-named case it was said: "Prior to 1897 it was the

rule that, when a case was submitted on special issues, all the issues of fact made by the *pleading* [italics ours] must be submitted and determined by the jury before a valid judgment could be rendered; but article 1331 [now 2190], Rev. St., was passed to remove the rigor of the rule, and it was provided that the omission to submit an issue should not be ground for reversal unless it had been requested by a party to the cause. *This statute, however, did not make any change as to the rule requiring the answers to be responsive to the issues submitted* [italics ours], and, indeed, no such change could be tolerated, because it would be striking at the very base of trial by jury."

If, then, the law is the same as declared in Silliman v. Gano, that a special verdict, to be sufficient to support a judgment, must find every issue of fact made by the pleadings, except only such as by provision of article 2190 are supplied by presumption, a conclusion which I think is compelled by the soundest logic, the only inquiry necessary, where a special verdict does not expressly find all the issues made by the pleading, is whether or not the omitted issue or issues are such as are supplied by the presumption provided in said statute. If every judgment must bear this test of validity, the problem is simple. It is only necessary to note all the issues made by the pleadings that the verdict expressly finds. If some issues are omitted, then, to determine if article 2190 supplies their existence by presumption. If so, a judgment conforming thereto is, on the face of the record, valid. Otherwise it is erroneous.

The matter would be simple if article 2190 meant what it plainly says, and what it was held by the courts to mean for several years after its enactment. In that case the statute itself would settle the question in favor of the validity of the judgment.

In Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132, 1134, the Supreme Court, speaking through Judge Williams, held, in a suit in which two independent grounds of recovery for trespass were asserted, and in which the issues in only one such ground were submitted or requested, that the statute (then R. S. 1895, art. 1331) supplied by presumption the finding of the trespass not submitted or requested to be submitted. Says the court: "It is next objected to the charge that it excluded from the consideration of the jury the *cause of action* [italics ours] asserted for the second trespass; and that it did so cannot be denied. But the plaintiff has not put himself in a position to raise that objection on appeal. The act of 1897 * * * amendatory of article 1331, Rev. St. 1895, established a very important rule of practice to be observed by the appellate courts in reviewing causes submitted in the trial court upon special issues. The statute gives to the parties the right to

have all their issues submitted to the jury, but the amendment provides," etc., (quoting its provisions). " * * * The effect of this statute is to require that an appellant or plaintiff in error, in order to entitle himself to complain in the appellate court of the fact that the trial court has not submitted to the jury any of the issues, must have requested the submission in writing. The first provision in the amendment speaks of the 'failure to submit,' and if it stood alone it might be susceptible of the interpretation that it applies only to omissions to submit, and not to positive withdrawals of or a refusal to submit issues, and might admit of the application of the old rule of practice which required special requests to supply omissions, but not to correct positive and affirmative errors. But the last provision requires the appellate court to treat an issue not submitted or requested as so found by the trial court as to sustain the judgment, if there be evidence to support such a finding. The consequence must necessarily be that when the trial court has expressly submitted some issues and excluded others, and neither party has put in writing a request for the submission of those excluded, they must be regarded in the appellate court as having acquiesced in such action and consented for the trial judge to determine from the evidence the issue not submitted. It is only by a written request that the party puts on record his dissent from the action of the court and his insistence upon the right to have the jury, rather than the judge, decide the point at issue."

It is not arguable, I think, but that the Supreme Court thus interpreted the statute to mean literally what it says. Under that interpretation, if any single issue was submitted to the jury, however indeterminative in itself, a judgment upon their finding in favor of either party would be supported by the presumption of the finding of every other issue essential to support the judgment. Such, it must be admitted, was not a very desirable consequence, if any importance was to be attached to the right of trial by jury.

The subsequent unwillingness of the Supreme Court to adhere to that interpretation of the statute suggests the query if it should not then have declared the statute unconstitutional and void on the ground that it deprived litigants of the right of trial by jury. However that may be, it is certain that the construction of the statute as thus declared by the Supreme Court in Moore v. Pierson, does not accord with the present views of the Supreme Court. The statute is now construed to mean that an independent ground of recovery or of defense, when not submitted and not requested to be submitted, is deemed to have been waived by the party interested in establishing it, and will not be presumed to have been found so as to support the judgment. Ormsby v. Ratcliff, 117 Tex. 242, 1 S.W.(2d)

1084, and cases there cited. There is thus declared an extremely important exception to the application of article 2190. There is included in this exception, or, if not, then there exists as another exception, the rule that one party to a suit is under no duty, in order to escape the presumption against him in case of an adverse judgment, to request the submission of issues which his adversary alone is interested in establishing. Turner v. M. K & T. Ry. Co. (Tex. Civ. App.) 177 S. W. 204 (error refused); Christian v. Dunavent (Tex. Civ. App.) 232 S. W. 875; Alexander v. Good Marble & Tile Co. (Tex. Civ. App.) 4 S.W.(2d) 636.

If the rule declared in Silliman v. Gano is still the law, save as modified by the statute, it results that cases coming within the exception or exceptions above noted, wherein the statute does not operate, are still governed by the law as previously declared. If the court was then powerless to do otherwise than reverse a judgment, when based upon a verdict failing to find all the facts, it is still powerless to do so in all cases where the statute cannot operate, unless, of course, the decision in that case is to be regarded as having been overruled.

If A, in his suit, alleges a cause of action against B, for damages growing out of two independent acts of negligence, B, by his general denial, joins issue upon every fact necessary for A to recover. If the case is tried by a jury upon special issues, article 2190 requires that "all issues made by the pleadings" be submitted. If only one ground of recovery is submitted and the other not submitted or requested to be submitted, the other is waived. It matters not that there was evidence to support it, or even that it be supported by the undisputed evidence. The one could be waived as well as the other, and the waiver is one of law to effectuate the purpose that, when a judgment is based upon a special verdict, the verdict must include, expressly or by presumption of law, every issue made by the pleadings upon which the judgment rests. Any other interpretation of the law will result in endless confusion. If A sues B to recover for a single act of negligence, B pleads a general denial and contributory negligence, the court submits only the issue of contributory negligence, and upon a verdict consisting alone of the finding that there was no contributory negligence renders a judgment for A, such judgment is not supported by a verdict finding all the issues made by the pleading. The omitted issues as to (a) the existence of the facts claimed to constitute negligence, (b) whether such facts did constitute negligence, (c) proximate cause, (d) damages, cannot be supplied by presumption, because they not only constituted an independent ground of recovery, but A alone was interested in establishing those issues. B was under no duty to request their submission. Article 2190

simply does not apply, and, on the face of the record the judgment is supported by a verdict which neither expressly nor by presumption finds all facts necessary to its support made issues by the pleadings.

What relief can the appellate court give against such a judgment? If the statute could apply, the appellate court would go into the statement of facts to see if there was evidence to support all the omitted issues, and if so, presume that they were found and sustain the judgment. But how differently the situation where the statute has no application. There is simply no warrant for going into the statement of facts. The law charged A with the duty and responsibility of procuring or requesting findings on the omitted issues, and the law, not being able to supply the omission by presumptions, cannot permit the judgment to stand in A's favor, based as it necessarily is, upon issues neither found nor requested.

Suppose, in the case last instanced, the undisputed evidence shows every fact necessary for A to recover. Does his responsibility end? He thereby makes out a case to which, but for the issue of contributory negligence tendered by the defendant, R. S., 1925, articles 2189 and 2190 has no application whatever. The case is not one authorized to be submitted upon special issues. To illustrate, let us change the facts a little, and suppose the defendant pleads only a general denial and the uncontroverted evidence shows A's right to recover. Then there is, by the expressed limitations in article 2189, no warrant of law for submitting such case upon special issues. By this provision of the law only cases in which "issues raised by the pleadings *and the evidence in the case*" (italics ours) are authorized to be submitted upon special issues. But, notice that when a case does come within article 2189, not merely the issues raised by both pleading and evidence must be submitted, but "all issues made by the *pleading*." (Italics ours.) If some issues are established by the uncontroverted evidence, then the court should instruct the jury what finding to make upon such issues. Or, if an issue determinative of all issues is shown by the uncontroverted evidence, he would have the authority, but not be under the duty, I think, of generally instructing a verdict.

Suppose A sues B to recover upon a note. B, by his pleading, admits A's cause of action, except as it may be defeated by three special defenses, namely: (a) Fraud in procurement of the note; (b) novation, and (c) innocent purchaser. The uncontroverted evidence shows novation and innocent purchaser, but the evidence is conflicting upon the issue of fraud. Only the issue of fraud is submitted to the jury, the others not being requested, and there being no request for a peremptory instruction. The issue of fraud being found in favor of defendant, judgment is rendered

for B. Upon appeal A shows some reversible error of the court, with reference to the issue of fraud. Can B then answer that the error is immaterial, since the uncontroverted evidence established novation and innocent purchaser? The defenses of novation and innocent purchaser were waived by the failure of B to procure or request a finding thereon. Goodwin v. Abilene State Bank (Tex. Civ. App.) 20 S.W.(2d) 1090. They were each independent of the defense of fraud, and the rule in Ormsby v. Ratcliff, supra, must be held to apply.

It may be of interest to consider how such waiver could be avoided. It would have been avoided by B requesting a peremptory instruction, and upon appeal cross-assigning error upon the refusal of the court to give it. The appellate court in such case would be required to search the statement of facts in order to pass upon the cross-assignments and, finding that the court should have instructed the very judgment that was rendered, can treat the error as harmless and affirm the judgment, as was determined in Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515. But, it may be asked, was B under necessity of waiving his defense of fraud by requesting the court to instruct a verdict on either or both the grounds of novation and innocent purchaser? He undoubtedly had the right and the court had the authority, independently of any request of B, to rest the judgment on all consistent grounds, and to do so the court could instruct the jury what findings to make upon the issues of novation and innocent purchaser, and confide to the jury the matter of answering the issue of fraud. Upon a finding of fraud the judgment would be supported by the verdict upon all grounds. Perhaps—although it is unnecessary here to say—even in case of an adverse finding on the issue of fraud, the judgment based upon the findings of novation and innocent purchaser would be valid on the theory that the issue of fraud was thereby shown to be immaterial.

The only difficulty in the question under consideration results from inconsistent holdings in certain cases, notably Ewing v. Wm. L. Foley, Inc., 115 Tex. 222, 280 S. W. 499, 504, 44 A. L. R. 627, and American Surety Co. v. Hill County (Tex. Com. App.) 267 S. W. 265. In the first-named case issues were submitted to and found by the jury as to damages. The pleadings claimed interest as a part of the damages, and the jury found the facts from which the interest could be ascertained by mere calculation. There being no controversy in the evidence as to the interest, the judgment of the court simply included interest as a part of the damages. Whether this was upon the theory of a presumed finding or upon the theory that there was no necessity for a finding is not expressly stated, though the discussion suggests the latter. A significant statement in the opinion is: "In the instant case the necessary and *controverted* [italics ours] fact issues were submitted to the jury * * *. It was unnecessary for the trial court to submit the issue of interest to the jury, as there were no additional or *controverted* [italics ours] facts to be found upon which it should be based or calculated, and it was within the province of the court, as a matter of law, to enter judgment for the interest prayed for." The excerpt suggests the view of the court that R. S., 2190, in commanding the submission of "all the issues made by the pleading" should be construed to mean all the issues made by the pleading *and the evidence*. It seems to me, as already said, that the statute means exactly what it says— "all the issues made by the pleading," the word "submit" not being used in the sense, of course, of confiding to the jury the discretion of finding an issue either way about which there was no dispute in the evidence; but in the sense that a finding on all issues must be included in the verdict. Such was the law at the time the statute was enacted, and if it was the legislative intent to make a change it was certainly necessary to make some change in the statement of the law, instead of a literal repetition of it. This view, it seems to me, is further made necessary by the fact that, in the provisions for general and special charges, as distinguished from special issues, it is provided that: "The judge * * * shall only submit controverted questions of fact." R. S., 1925, art. 2185. Entirely distinct provisions are made for the two ways of submitting causes. Why should the Legislature express the qualification in one case and leave the other just as it was previously? It seems to me there are important reasons why all issues made by the pleadings should be found in the jury's verdict in a case submitted on special issues, which do not apply to a verdict where the cause is submitted upon instructions. In the last-named case the instructions, together with the verdict upon controverted issues of fact, furnish a complete basis for the assignment of any error that may be charged to have resulted in an erroneous judgment. To me it scarcely seems reasonable that the Supreme Court here considered and determined that, independently of article 2190, the court would do what it was held in Silliman v. Gano it could not do; namely, approve a judgment based upon a verdict not comprehending all the issues.

In American Surety Co. v. Hill County, supra, there was presented a question whether, in a case submitted upon special issues, a valid judgment could be rendered against a party without a verdict of the jury, either independently found by the jury or directed by the judge. The judgment under such circumstances, and where the facts supporting it were undisputed, was sustained. It seems that the principle upon which it was sustained was that the error was harmless. Among the

authorities cited was Fant v. Sullivan, supra, wherein the same result was reached, but upon consideration of cross-assignments of error complaining of the refusal of the trial court to give a peremptory instruction. If American Surety Co. v. Hill County, supra, states a correct rule of practice, then its effect is that no cross-assignment of error is necessary. There would be no practicable way of knowing which grounds of recovery or defense were waived and which were not. Appellant could never prosecute his appeal with any assurance that the judgment would be tested by the verdict of the jury, but would be under the necessity of anticipating and affirmatively showing that there was no other basis in the pleadings or evidence upon which the judgment could be justified—the very evil which the law, as to cases not tried by jury, remedied by the requirement that the trial judge, upon request, must file conclusions of fact and law. Hardin v. Abbey, 57 Tex. 582; Kimball v. Houston Oil Co., 100 Tex. 336, 99 S. W. 852.

Ewing v. Wm. L. Foley, Inc., supra, was decided February 10, 1926, and American Surety Co. v. Hill County, supra, December 20, 1924. Ormsby v. Ratcliff was decided January 11, 1928. As I see it, the principles controlling the decisions in the first two cases named, while undeniably in perfect accord with Moore v. Pierson, supra, were just as effectually overruled in Ormsby v. Ratcliff, supra, as was the original interpretation of the statute in question in Moore v. Pierson, supra. In each case the matters included in the judgment were matters that, under the rule in Ormsby v. Ratcliff, are not only not presumed to have been found in support of the judgment, but are presumed to have been waived. These decisions, it seems to me, are correct only and if article 2190 was to be literally interpreted as applying to all the issues in a case, as was held in Moore v. Pierson, supra. The limitation on the operation of that statute recognized in Ormsby v. Ratcliff, in my humble opinion, results in superseding as authority the decisions in the cases mentioned, and perhaps a goodly number of other cases not mentioned, and to longer follow same leads to inconsistency and confusion.

All that has been said is upon the assumption that article 2190 can operate to supply by presumption, not only issues established by uncontroverted evidence, but also issues as to which there is a dispute in the evidence. This opinion will not be further prolonged by giving an expression of the writer's views as to the present operation of article 2190, under the effect of numerous decisions dealing with that statute and culminating in the recent case of Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W.(2d) 708. Such views are rather fully set out in the dissenting opinion in Guitar Trust Estate v. Keith (Tex. Civ. App.) 27 S.W.(2d) 928. The writer has been forced to the conclusion that the only

way to work any semblance of harmony out of the existing state of chaos in regard to the question of procedure here involved is to charge each party to a lawsuit with the responsibility of having submitted or properly complaining of a refusal after request to submit, each and every issue necessary to establish his cause or causes of action, or grounds of defense, upon penalty of a waiver thereof, and then testing each judgment in a case tried by a jury upon special issues by a determination of whether or not it is supported by a verdict finding each and every fact which the pleadings put in issue, and necessary to its support, either expressed or presumed under operation of article 2190. That such a rule is not arbitrary and technical, but absolutely indispensable to the orderly administration of justice, may, I think, be emphasized by a further illustration. A sues B, asserting a cause of action consisting of a single ground of recovery. B answers by general denial and plea of limitation. The court submits a single but immaterial issue. No issue joined by plaintiff's petition and defendant's general denial is submitted or requested. Likewise, no issue of limitation is submitted or requested. Judgment upon the verdict is for B. Upon appeal A challenges the correctness of the judgment. The appellate court concludes that the undisputed evidence established every issue involved in A's ground of recovery and B's defense of limitation. Will the judgment be affirmed or reversed, and upon what theory? There being no express finding of any material issue, nor express waiver of same, the issues raised by the pleadings can only be determined by a presumed finding or a presumed waiver. There can be no presumed finding, because the statute does not reach such a case. A was under no duty with reference to submitting limitation, and B was under no duty as to the issues tendered by A. Neither, therefore, is bound by any presumed finding against him. It results that the only remaining way of disposing of the issues is by presumed waiver. If all the omitted issues are presumed to have been waived, there is nothing left to support the judgment except an immaterial issue. While A cannot on appeal *complain of the failure of the court to submit his issues, nor B of the failure to submit limitation*, it does not follow that either cannot complain of an adverse judgment, void (in the sense of voidable) on its face, because *not supported by the verdict.* It would, indeed, be a strange rule of practice if A can be heard in the appellate court to say that limitation was waived because it was not submitted nor requested, and that, therefore, the *judgment should be reversed and rendered for him*, because the uncontroverted evidence established his right to recover, except for the waived defense. It would be equally as unjust to affirm the judgment based, as it would be, upon only an immaterial issue; the only

issue, namely, limitation, that could support a judgment for B being not only one which under the statute could not be presumed to have been found in his favor, but one that was as certainly waived as were the issues tendered by A.

Such are some of the reasons that lead the writer to the conclusion that the judgment should be reversed, and the cause remanded.