## FARMERS STATE BANK IN MERKEL v. RUSSELL.

### No. 1800.

Court of Civil Appeals of Texas. Eastland.
May 27, 1938.

Rehearing Denied June 17, 1938.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellant.

Scarborough & Ely and Walter Ely, all of Abilene, for appellee.

LESLIE, Chief Justice.

C. K. Russell instituted this suit against The Farmers State Bank in Merkel to recover the value of a Warner trailer owned by him and which he alleged the defendant had converted. The defendant answered by general demurrer, general denial, and specially pleaded that the plaintiff was estopped to claim that he had not conveyed the trailer to the bank. The trial was before the court and jury, and, upon the verdict in answer to special issues, judgment was rendered for plaintiff in the sum of $225, found to be the market value of the trailer at the time and place of conversion.

The plaintiff being indebted to the defendant for about $1830.87, secured the same by mortgage upon seven trucks, five truck trailers, three wagons, certain livestock, etc. Being unable to meet the obligation when it fell due and to avoid the expense of an impending foreclosure suit, he transferred, in satisfaction of the debt, the subject matter of the mortgage to the defendant by bill of sale, in which the property was described as follows:

"Four White 3 Ton Trucks, Model 51, Engine Nos. 7564, 7562, 15829, 15619.

"One International 2-Ton Truck, Model 43, Engine No. 166824.

"One International 1½-Ton Truck, Model S.L., Engine No. 103574.

"One Chevrolet, 1½-Ton Truck, 1933 Model, Engine No. 3948146.

"Five Truck Trailer complete; 1 Hiway, 3 ton, 1 Hobbs, 3 ton, 1 Fluhaugh, 3 ton and 2 Spencer, 3 ton trailers."

"Also all casings, rims *and other equipment belonging to the above trucks.*" (Italics ours.)

Then follows a description of stock, wagons and float, which is immaterial to the present inquiry.

It will be observed that the trucks and trailers conveyed are specifically named and described. The one in suit, a Warner trailer, is not described, and was not designated by the instrument in specific terms. The appellant insists that it acquired this trailer along with the others by virtue of the bill of sale, and that it is embraced within the provision "other equipment belonging to the above trucks." The appellant's brief presents the point in this language: "The Chevrolet truck, to which the Warner trailer involved in this suit was attached, is specifically mentioned in the bill of sale. It is our contention that the Warner trailer is a part of the Chevrolet truck, or is at least included in the equipment belonging to said truck."

These were commercial trailers and were not bought as a part of any truck. They could be attached and detached from the ordinary truck. It had been used with a Chevrolet truck, but was suitable for use with other trucks, and the Chevrolet truck is adaptable to use with "any type of trailer." In connection with this trailer there were two bodies, one a stock body in which to haul cattle, horses, etc., and the other a body on which to haul pipe, etc.

When these chattels were sold and delivered to the bank, the plaintiff explained to its agent that the Warner trailer "did not go" and the bill of sale evidences that fact. Later, he indicated to the representative of the bank that he would be willing to take a Spencer trailer in lieu of the Warner trailer as the latter would be worth more to the bank. That the agent of the bank replied: "All right, I will see you later." There is no suggestion in the evidence that the proposition was ever accepted or became binding. The bank sold the Spencer trailer.

The language of the bill of sale definitely names and describes the trailers conveyed, but wholly omits to designate the Warner trailer as one of them. Under these circumstances, we do not believe that the rules of proper construction of the instrument would warrant the court in holding that the Warner trailer falls within the classification "other equipment belonging to the above trucks." Although the written instrument contains this general expression, the fact that it specifically conveys certain items, naming them, necessarily amounts to an exclusion of other items of like nature not named therein. The intention of the parties is so reflected.

For these reasons and by virtue of the testimony generally we conclude that the learned trial judge correctly proceeded

upon the theory that the Warner trailer belonged to the plaintiff.

The agent of the bank states that just prior to the filing of the suit he talked with plaintiff about the Warner trailer. He was asked: "Did Mr. Russell ask you for that trailer?" To this he answered "Yes sir." He was further asked "And you refused to let him have it?" The answer was "Yes sir." He further testified that the trailer was still in the possession of the bank.

Under the above circumstances we conclude that the trial court did not err in refusing to instruct the verdict in favor of the defendant upon the ground that the undisputed evidence showed the bank to be the owner of the trailer, and neither do we find that the verdict and judgment is against the great weight and preponderance of the evidence.

The defense of estoppel was submitted to the jury and the verdict on that issue was that the plaintiff did not act and conduct himself in such a way in regard to the ownership of the Warner trailer as to lead the defendant to believe that said trailer was its property.

The trial court had the authority to determine the undisputed issues of fact. Livezey v. Putnam Supply Co., Tex.Civ. App., 30 S.W.2d 902. These in connection with the verdict of the jury support the judgment, and it is affirmed. It is so ordered.