## SOUTHERN STATES BUILDING & LOAN ASS'N v. MASON.

### No. 717.

Court of Civil Appeals of Texas. Eastland.

June 20, 1930.

Butts & Wright, of Cisco, for appellant.

Barker & Orn, of Cisco, for appellee.

HICKMAN, C. J.

This is the second appeal of this cause. For our opinion on the former appeal, see Cisco Building & Loan Ass'n v. Mason, 12 S.W.(2d) 1106. After the cause was remanded, appellee amended her petition, alleging that the appellant had changed its corporate name from Cisco Building & Loan Association to Southern States Building & Loan Association. She then alleged an oral contract with appellant, through its agent, entered into on or about February 2, 1927, by the terms of which it was agreed "that if the plaintiff would deposit money with the defendant association, all sums so deposited would pay interest at the rate of 10 per cent. per annum, and that she had the option to withdraw the full amount so deposited at any time after giving the defendant thirty days notice of her intention to withdraw the same." She alleged a deposit of $500 with appellant at the time the oral contract was entered into and a deposit of $100 on March 2, 1927, making a total sum of $600. Further allegations were that, on or about April 1, 1927, appellee notified the appellant of her intention to withdraw her deposit of $600 on May 1, 1927, and that on or about the last-named date appellant offered to pay her the sum of $300 in full payment of all principal and interest due her under the terms of the oral agreement. That appellee refused to accept said $300, but made demand for her full $600, plus 10 per cent. interest per annum for the time the appellant had said money in its possession, and that appellant refused to pay her more than $300 after demand.

The appellant answered by general and special exceptions, general denial, and certain special pleas. These pleas are described in appellant's brief as follows:

"By way of defense defendant alleged inter alia that on the 2nd day of February, 1927, pursuant to a contract of purchase theretofore made, the defendant issued to plaintiff its certificate for two hundred shares of its stock, said certificate expressly providing that the plaintiff was owner of said shares of stock, transferable only on the books of the association subject to the by-laws of the association, and the certificate further provided that it entitled its holder to participate in the assets and earnings of the association, subject to the provisions of the by-laws; that on the 7th day of March, 1927, and subsequent to the delivery to and receipt of said certificate of stock by plaintiff, she paid another installment on the stock, thus ratifying the issuance of said stock and adopting said by-laws as part of the contract then existing between plaintiff and the defendant. That by reason of becoming a member of the defendant association and receiving the certificate of stock the plaintiff acquired said stock with actual and constructive notice of the by-laws containing the provision which provided for the payment of a member-

ship fee of $1.50 per share to be charged against her in case of withdrawal, by reason of which plaintiff is estopped to claim or assert that she did not have actual or constructive notice of the by-laws of the association and is further estopped from claiming or asserting that she was not required to pay $1.50 per share on the stock issued to her."

Appellee, in her first amended supplemental petition, among other things, alleged under oath that the application for the purchase of stock mentioned in appellant's answer was a forgery, and denied that she had ever entered into a contract for the purchase of stock from appellant.

Trial was before the court without a jury, resulting in a judgment for appellee against appellant for the full amount of her claim. Findings of fact and conclusions of law were filed by the trial judge, portions of which we quote as follows:

"3. On or about February 2, 1927, defendant, by and through its agent, W. B. Harrison, entered into an oral contract with the plaintiff as follows: That the plaintiff deposited with the defendant Association money from time to time and all sums so deposited would draw interest at the rate of 10% per annum and that she had the option to withdraw the full amount deposited at any time after having first given the defendant 30 days' notice of her intention to do so. The plaintiff, with the express understanding and agreement that she could withdraw her funds at any time after first giving the defendant 30 days' notice, then and there delivered to the defendant $500.00, and, acting under the same agreement, on March 2d, 1927, she deposited another $100.00, making a total sum of $600.00 deposited with the defendant under the agreement aforesaid.

"4. After plaintiff had deposited the first $500.00, within about 10 days thereafter she telephoned defendant to ascertain if they had received the money, and upon being informed that they had, she asked them if she was not entitled to some kind of receipt showing the amount of money she had deposited with defendant. Thereupon defendant issued a stock certificate, and, without any explanation or statement, delivered it to plaintiff, which she accepted solely for evidencing the amount of money she had deposited.

"5. The Court finds from the evidence in this case that the manner and way by which a person becomes a member of defendant association is: First, by written application; second, upon acceptance by the association, the issuance of a stock certificate delivered to the applicant, together with a pass book in which is entered the amount of money paid when the application is made and entered from time to time as other payments are made.

"6. The court finds the fact to be in this case that plaintiff did not make any written application for the purchase of stock and that she did not sign the application introduced in evidence in this case; and the court finds that said instrument is a forgery. The court further finds that at the time of the issuance of the stock and at the time of delivery of same to plaintiff, the defendant did not deliver to her a pass book.

"7. The court further finds from all facts and circumstances in this case that plaintiff accepted the stock certificate for the sole purpose of having evidence of the debt the defendant owed to her under the oral agreement entered into at the time she paid the $500.00.

"8. The court finds that neither the agent, at the time he accepted the $500.00 deposit, nor any officer or agent subsequent thereto ever explained to plaintiff that there was a membership fee to be charged against her account."

■ Appellant's brief contains two propositions. The first is: "Plaintiff having purchased and become the owner of stock in the defendant company is chargeable with notice of all the provisions of its by-laws and is bound by them."

The second proposition is as follows: "The certificate of stock issued by defendant company and, delivered to and accepted by plaintiff evidenced and constituted the contract between them, and plaintiff having the ability and the opportunity to read the certificate before accepting it, and having accepted it without doing so, is estopped by her negligence to complain that it does not conform to the previous oral agreement between her and the agent of defendant company."

As an abstract statement of law, we think the first proposition is correct, but it assumes a conclusion directly in conflict with the findings of the trial court, viz., that appellee had purchased and become the owner of stock in appellant company. The fact finding, based upon the pleadings and competent testimony, is that the application for the purchase of the stock was a forgery. We cannot sustain a proposition which rests upon an incorrect assumption. This is the same proposition which we overruled on the former appeal, and, for the same reason, it is again overruled.

■ The second proposition asserts that appellee is estopped by her negligence. The elements of an estoppel are not present. The authority of the agent to make the oral agreement with appellee is not questioned. The acts of appellee in depositing the money with appellant are referable to this contract. The case, to our minds, is not analogous to one where the parties make an oral agreement and afterwards reduce it to writing. There was no subsequent written contract between the parties. The application, an essential part of the contract, was a forgery. All of the acts of appellee were in agreement with, and in pursuance of, the oral contract, and they can-

not be made the basis of an estoppel to rely upon that contract.

It is our opinion that no errors are called to our attention by the appellant's brief, and the judgment of the trial court will be affirmed.